U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2010 JUN 14  PM 1:41

CLERK

BY _____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

---------------------------------------- x
TODD SEMON, on behalf of himself, and all :
others similarly situated,
                                          :
                Plaintiff,                :   Civil Action
                                              No. 5:10-CV-143
        v.                                :

ROCK OF AGES CORPORATION,                 :
SWENSON GRANITE COMPANY, LLC,
KURT M. SWENSON, JAMES L. FOX,            :
RICHARD C. KIMBALL, DONALD
LABONTE, LAURA A. PLUDE, PAMELA G.        :
SHEIFFER, CHARLES M. WAITE, and
FREDERICK E. WEBSTER, JR.,                :

                Defendants.               :

                                          :

                                          :
---------------------------------------- x

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446 and 1453(b), defendants James L. Fox, Pamela G. Sheiffer, Frederick E. Webster, Jr., Kurt M. Swenson, Richard C. Kimball, Donald Labonte, Laura A. Plude, Charles M. Waite (collectively, the "Individual Defendants"), Rock Of Ages Corporation ("ROAC") and Swenson Granite Company, LLC ("Swenson Granite") (collectively with the Individual Defendants, "Defendants") file this Notice Of Removal to remove this action from the Vermont Superior Court in and for Washington County.

As grounds for this removal, Defendants state as follows:

## INTRODUCTION

1. Plaintiff Todd Semon alleges that he owns approximately 20,000 shares of ROAC common stock. (Compl.[1] ¶ 7.) Plaintiff filed this putative class action, captioned <u>Semon v. Rock of Ages, et al.</u>, on or about May 19, 2010, in Washington County, Vermont Superior Court.

2. ROAC is a Vermont Corporation whose stock is listed on the Nasdaq Global Market. (Id. ¶ 8.)

3. This case arises out of ROAC's May 7, 2010 press release announcing the "unsolicited proposal" by Swenson Granite "to purchase all of the outstanding shares" of ROAC for $4.38 per share. (Id. ¶ 2.) Plaintiff alleges that Swenson Granite's proposal involves "grossly inadequate consideration" and constitutes a breach of Defendants' fiduciary duties. (Id. ¶ 1.) Plaintiff contends, among other things, that Defendants have made material misrepresentations and omissions to shareholders as to the true value of ROAC, "in order to place an artificial cap on the Buyout Price." (Id. ¶ 33.)

4. Plaintiff purports to assert claims against Defendants on behalf of himself and "all other stockholders of [ROAC] and their successors in interest, who are or will be threatened with injury arising from defendants' actions" with respect to the proposed transaction. (Id. ¶ 18.) Plaintiff alleges that the putative class includes "hundreds, if not thousands of shareholders" who are "believed to be geographically dispersed throughout the United States." (Id. ¶ 19(a).)

---

[1] "Compl." or "Complaint" refers to Plaintiff's complaint in this matter, attached, along with the summons, as Exhibit A.

2

5. Plaintiff's Complaint "demands judgment": (i) "declaring this action to be a proper class action and certifying Plaintiff" as class representative; (ii) "ordering defendants to carry out their fiduciary duties"; (iii) "declaring that the defendants have committed a gross abuse of trust and have breached and are breaching their fiduciary and other duties"; (iv) "granting preliminary and permanent injunctive relief against the consummation of the Proposed Transaction"; (v) "in the event the Proposed Transaction is consummated," rescinding the proposed transaction and/or awarding rescissory damages; and (vi) ordering defendants "to account . . . for all damages suffered and to be suffered" by Plaintiff and the putative class. (Id. ¶ 41.)

## TIMELINESS OF REMOVAL

6. Plaintiff effected service of process on May 25, 2010, at the earliest. This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

7. Two alternative grounds exist for removal of this action. First, under 28 U.S.C. § 1441(b), a party may remove to federal court any action filed in state court that arises under the laws of the United States. As demonstrated below, this action arises under the laws of the United States, because all of Plaintiff's claims are preempted by the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb et seq. Alternatively, this Court has original jurisdiction of this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, codified at 28 U.S.C. § 1332(d).[2]

---

[2] SLUSA and CAFA both contemplate removal of a state court action to a federal court, but they cover different, and mutually exclusive, categories of securities. Defendants maintain that the complaint in this case asserts claims concerning SLUSA-covered securities and that this action is therefore removable under SLUSA. But even if the Court were to find that the securities at issue here are not covered under SLUSA, removal would be proper under CAFA,

(cont'd)

3

### A. Removal Pursuant To SLUSA

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this matter raises a federal question under SLUSA. In 1998, Congress enacted SLUSA to prevent securities class action plaintiffs from evading the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 82 (2006). SLUSA amended the Securities Act of 1933 (the "Securities Act") and the Securities and Exchange Act of 1934 (the "Exchange Act"). Those amendments are codified at 15 U.S.C. §§ 77p(b-c) and 15 U.S.C. §§ 78bb(f)(1-2), respectively.

9. SLUSA's amendments to the Exchange Act provide, in pertinent part:

(1) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--

    (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

    (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(2) Removal of covered class actions

Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f).

---

*(cont'd from previous page)*
which authorizes removal of securities-related class actions not removable under SLUSA. Indeed, SLUSA and CAFA work in tandem to "assure that the federal courts are available for all securities cases that have national impact." Estate of Pew v. Cardarelli, 527 F.3d 25, 32 (2d Cir. 2008) (emphasis added).

10.     There are five requirements for an action to be removed pursuant to SLUSA: (a) the action is a "covered" class action; (b) the action purports to be based on state law; (c) the action alleges a misrepresentation or omission of a material fact or a manipulative device or contrivance; (d) the action involves a "covered" security; and (e) the alleged misrepresentation or omission or manipulative device or contrivance was "in connection with" the purchase or sale of such security. 15 U.S.C. §§ 78bb(f)(1-2). All five prerequisites are satisfied here.

(a)     **This Case Is A Covered Class Action.** An action is a "covered class action" for purposes of SLUSA if it involves common questions of law or fact that predominate over any individual questions and is brought (a) "on behalf of more than 50 persons or prospective class members" or (b) on a representative basis by one or more parties suing "on behalf of themselves and other unnamed parties similarly situated." 15 U.S.C. § 78bb(f)(5)(B)(i). This action is a "covered class action" under both provisions. Plaintiff purports to represent a putative class of himself and "all other stockholders of [ROAC] and their successors in interest, who are or will be threatened with injury arising from defendants' actions" with respect to the proposed transaction. (Compl. ¶ 18.) Plaintiff alleges that the putative class includes "hundreds, if not thousands of shareholders." (Id. ¶ 19(a).) Plaintiff further alleges that he is bringing suit on behalf of others similarly situated, and that "there are questions of law and fact which are common to the members of the Class and which predominate over any questions affecting only individual members." (Id. ¶ 19(b).)

(b)     **Plaintiff's Claims Are Alleged To Be Based On State Law.** This action also is "based upon the statutory or common law of any State." 15 U.S.C. § 78bb(f)(1). The

5

Complaint alleges an assortment of state common law claims, including breach of fiduciary duty, "gross abuse of trust," and an accounting. (Compl. ¶ 41.)

(c) **The Complaint Is Based On Allegations Of Misrepresentations and Omissions.** Plaintiff alleges that "[t]he Individual Defendants . . . are in possession of non-public information concerning the financial condition and prospects of ROAC, and especially the true value and expected increased future value of ROAC and its assets, which they have not disclosed to ROAC's public shareholders." (Id. ¶ 33.) Plaintiff also alleges that "[t]he Individual Defendants, who constitute ROAC's Board, are familiar with the Company's future prospects but have not disclosed the Company's true future potential in order to place an artificial cap on the Buyout Price." (Id.) Further, Plaintiff alleges that "[t]he Individual Defendants, in failing to disclose the material non-public information in their possession as to the value of ROAC, the full extent of the future earnings potential of ROAC and its expected increase in profitability, have breached and are breaching their fiduciary duties to the members of the class." (Id. ¶ 36.)[3] Plaintiff alleges that these misstatements and omissions form the basis for the damages alleged. (Id. ¶ 40 states that "[b]y reason of the foregoing" allegations in the Complaint, "each member of the Class has suffered damages.")

(d) **This Action Involves "Covered" Securities.** A "covered" security for purposes of SLUSA is one that meets the definition of "covered" security provided in § 18(b) of the Securities Act, 15 U.S.C. §§ 77r(b)(1-2), at the time the misrepresentation, omission, manipulative act or deceptive conduct is alleged to have occurred. 15 U.S.C. § 78bb(f)(5)(E). The Securities Act defines a "covered" security as:

---

[3]   Plaintiff also alleges that a question common to the putative class is "whether defendants have disclosed all material facts in connection with the challenged transaction." (Compl. ¶ 19(b)(iii).)

6

>(b) Covered securities
>
>For purposes of this section, the following are covered securities:
>
>(1)   Exclusive Federal registration of nationally traded securities
>
>A security is a covered security if such security is--
>
>>(A) listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
>>
>>(B) listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
>>
>>(C) is a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B).
>
>(2)   Exclusive Federal registration of investment companies
>
>A security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940.

15 U.S.C. §§ 77r(b)(1-2).

The "covered" security prong is satisfied because Plaintiff claims that "at all relevant times" he owned "approximately 20,000 shares of ROAC common stock," and that ROAC "is listed on the NASDAQ Global Market." (Compl. ¶¶ 7-8.)

(e)   **Plaintiff Alleges Misconduct "In Connection With" The Purchase Or Sale Of Covered Securities.** SLUSA removal also requires that the alleged misrepresentations and/or omissions be "in connection with" the purchase or sale of a security. 15 U.S.C. § 78bb(f)(1). The Supreme Court has adopted a "broad interpretation" of the "in connection with" requirement for SLUSA preclusion. Dabit, 547 at 85. SLUSA "only requires some 'connection'

7

between a misrepresentation and stock" in order for the "in connection with" prong to be satisfied. Fisher v. Kanas, 487 F. Supp. 2d 270, 280 (E.D.N.Y. 2007), aff'd 288 Fed. Appx. 721 (2d Cir. 2008) (finding SLUSA preclusion where plaintiffs alleged that they sold their stock in connection with a corporate merger for under value due to company's misrepresentations in proxy statement concerning amount of executive compensation).

A shareholder suit brought, as here, in connection with a proposed transaction is removable under SLUSA. In Phillips v. Harrah's Entertainment, Inc., for instance, shareholders brought putative class actions (later consolidated) against the company and its officers and directors for "considering an offer" to buy outstanding company stock, "despite an allegedly higher share value," "without first retaining independent financial advisors and disclosing material facts related to the transaction." No. 2:06cv1356 PMP-LRL, 2007 WL 556954, at *1 (D. Nev. Feb. 15, 2007). The court found that the action was covered under SLUSA and that removal was proper. Id. at *3.

Here, the Complaint makes plain that Plaintiff's allegations concern purported omissions "in connection with" the purchase or sale of a covered security. The "in connection with" prong is satisfied because Plaintiff alleges that "[t]he Individual Defendants, who constitute ROAC's Board, are familiar with the Company's future prospects but have not disclosed the Company's true future potential in order to place an artificial cap on the Buyout Price." (Compl. ¶ 33.) Those allegations are sufficient to satisfy the SLUSA "in connection with" requirement. E.g., Phillips, 2007 WL 556954, at *2.

11.     Since the proposed transaction at issue has not occurred and shareholder approval has not been sought, none of the exceptions to removal under SLUSA apply to this case. See 15 U.S.C. §§ 78bb(f)(3).

12. In sum, Plaintiff has alleged misrepresentations and/or omissions of material fact by Defendants in connection with the sale of covered securities by putative class members. Plaintiff's claims fall squarely within the four corners of SLUSA and, therefore, removal is proper.

B. **Removal Pursuant To CAFA (Alternative)**

13. Even if SLUSA were not applicable here (and Defendants contend that it is), removal still would be appropriate, in the alternative, pursuant to CAFA. This case satisfies the requirements of CAFA removal pursuant to 28 U.S.C. §§ 1332(d) and 1453 because (a) the putative class, as alleged, consists of more than 100 members; (b) the citizenship of at least one putative class member is different from that of at least one Defendant; and (c) the matter in controversy, after aggregating the claims of the putative class members, exceeds $5 million, exclusive of interest and costs.

(a) **This Case Is A Putative Class Action Consisting Of More Than 100 Members.** As alleged, this case is a putative "class action" subject to CAFA jurisdiction because it was filed pursuant to Rule 23 of the Vermont Rules of Civil Procedure (Compl. ¶ 18), which is a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Further, Plaintiff alleges that the putative class has at least 100 members (see 28 U.S.C. § 1332(d)(5)(B)): The putative class includes "hundreds, if not thousands of shareholders" (Compl. ¶ 19(a)).

(b) **Minimum Diversity Is Satisfied.** Minimum diversity of citizenship exists because the citizenship of at least one putative class member is different from that of at least one Defendant. 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a citizen of New Jersey, and ROAC is a Vermont corporation with its principal place of business in Vermont. (Compl. ¶ 8.)

See 28 U.S.C. § 1332(c)(1). Plaintiff further alleges that ROAC shareholders "are believed to be geographically dispersed throughout the United States." (Id. ¶ 19(a).)

   **(c)  The Matter In Controversy Exceeds $5 Million.** The matter in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2),(6). The matter in controversy requirement is satisfied where a defendant shows a "reasonable probability" that the amount of damages sought by a plaintiff will exceed $5 million. Manson v. GMAC Mortgage, LLC, 602 F. Supp. 2d 289, 293-94 (D. Mass. 2009) (denying motion to remand and holding that case was properly removed pursuant to CAFA). In this case, the matter in controversy is satisfied because Plaintiff seeks monetary damages[4] in connection with the proposed sale of "4,677,467 shares of Class A common stock outstanding and 2,738,596 shares of Class B common stock outstanding" for $4.38 per share -- an amount Plaintiff deems to be "grossly inadequate." (Compl. ¶¶ 2, 19(a), 32.)

   14.  If the Court were to find SLUSA inapplicable here because the securities at issue are not "covered securities", none of the exceptions to removal under CAFA would apply to this case. See 28 U.S.C. §§ 1332(d)(9)(A-C).

   15.  This action is properly removable pursuant to CAFA even though Vermont citizens are named defendants. 28 U.S.C. § 1453(b).

---

[4]  Plaintiff seeks "rescissory damages" if the deal is consummated; an order that defendants "account to Plaintiff and other members of the Class for all damages suffered and to be suffered by them . . . together with prejudgment interest"; and "costs and disbursements of the action including allowances for reasonable attorneys' fees and expert fees." (Compl. ¶ 41.)

10

### VENUE IS PROPER IN THIS DISTRICT

16.     Venue is proper in this District under 28 U.S.C. § 1441(a) (and 15 U.S.C. § 78bb(f)(2), "Removal of Covered Class Actions," added by SLUSA) because this District is the "district and division embracing" Washington County, Vermont. 28 U.S.C. § 101. Defendants reserve the right to seek the transfer of this matter to another district.

### NOTICE AND RESERVATION OF RIGHTS

17.     In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of the Summons and Complaint, which is the sole "process," "pleading" or "order" served upon Defendants in the state court action.

18.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, Washington County, State of Vermont, where this action has been pending, and will serve such notice on all other parties. 28 U.S.C. §§ 1446(a),(d).

19.     By filing this Notice of Removal, Defendants are not making a general appearance and are not waiving their rights to raise any defenses and/or grounds for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure, or otherwise, including, without limitation, personal jurisdiction.

20.     All named defendants assent to removal of the action to this Court.

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the District of Vermont.

Dated: June 14, 2010

_/s/ James W. Spink_ for

James W. Spink
SPINK & MILLER, PLC
One Lawson Lane
Burlington, Vermont 05401
(802) 864-1100
jspink@spinkmiller.com

Wilbur A. Glahn III (pro hac vice
 motion to be filed)
MCLANE, GRAF, RAULERSON &
 MIDDLETON, P.A.
900 Elm Street
P.O. Box 326
Manchester, NH 03105
(603) 625-6464
bill.glahn@mclane.com

Counsel for Defendants
Rock of Ages Corporation and Laura Plude

_/s/_ for

Sean M. Gorman
Alan L. Reische (pro hac vice motion to be filed)
Edward A. Haffer (pro hac vice motion to be filed)
SHEEHAN, PHINNEY,
 BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
sgorman@sheehan.com
areische@sheehan.com
ehaffer@sheehan.com

Counsel for Defendant
Swenson Granite Company, LLC

Respectfully submitted,

_/s/ Samuel Hoar, Jr._

Samuel Hoar, Jr.
DINSE, KNAPP AND
 MCANDREW, P.C.
P.O. Box 988
209 Battery Street
Burlington, Vermont 05402-0988
(802) 864-5751
shoar@dinse.com

James R. Carroll (pro hac vice
 motion to be filed)
Nicholas I. Leitzes (pro hac vice
 motion to be filed)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
jcarroll@skadden.com
nleitzes@skadden.com

Counsel for Defendants
James Fox, Pamela Sheiffer and
Frederick Webster

_/s/_ for

Walter E. Judge Jr.
DOWNS, RACHLIN &
 MARTIN, PLLC
Courthouse Plaza
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
(802) 863-2375
wjudge@drm.com

Counsel for Defendants
Kurt Swenson, Donald LaBonte,
Richard Kimball, and Charles Waite

12