UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TODD SEMON, on behalf of himself, and all          :
others similarly situated,

                                                   :

                              Plaintiff,           :     Civil Action
                                                   :     No. 5:10-cv-00143-CR

             v.                                    :

ROCK OF AGES CORPORATION,                          :
SWENSON GRANITE COMPANY, LLC,
KURT M. SWENSON, JAMES L. FOX,                     :
RICHARD C. KIMBALL, DONALD
LABONTE, LAURA A. PLUDE, PAMELA G.                 :
SHEIFFER, CHARLES M. WAITE, and
FREDERICK E. WEBSTER, JR.,                         :

                                                   :

                              Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS JAMES L. FOX, PAMELA G. SHEIFFER
AND FREDERICK E. WEBSTER, JR.'S MOTION TO DISMISS**

NOW COME defendants James L. Fox, Pamela G. Sheiffer and Frederick E.

Webster, Jr. (the "Committee Defendants"), by and through their attorneys, Dinse, Knapp &

McAndrew, P.C., and move, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and the Securities

Litigation Uniform Standards Act, 15 U.S.C. § 78bb ("SLUSA"), to dismiss Plaintiff's complaint.

In support of this Motion, the Committee Defendants state that immediate dismissal is warranted

because:  (i) Plaintiff's claims are precluded under SLUSA and (ii) Plaintiff fails to plead any

injury.  In further support of this Motion, the Committee Defendants submit the following

Memorandum of Law.

## MEMORANDUM

Plaintiff Todd Semon has brought this putative class action on behalf of himself and Rock of Ages Corporation ("ROAC") shareholders, alleging that certain Defendants[1] have breached their fiduciary duties with respect to a proposal by Swenson Granite Company, LLC ("Swenson Granite") to purchase all outstanding ROAC stock.  Rather than communicating his purported concerns about the offer to ROAC, Plaintiff commenced this premature action seeking to block the proposed transaction and win money damages.  Incredibly, Plaintiff brings this suit despite the fact that the transaction contemplated by the Swenson Granite proposal (which ROAC's Board of Directors has a fiduciary duty to consider) has not occurred, and may never occur.  Indeed, there is not even an agreement providing for such a transaction, nor has any such transaction been authorized by ROAC's Board of Directors or any committee thereof.  Plaintiff's allegations fail as a matter of law and should be dismissed for the reasons set forth below:

First, Plaintiff's suit falls within the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb ("SLUSA"), which precludes federal securities claims purportedly brought under state law.  Among other things, Plaintiff alleges that Defendants have failed to disclose to shareholders the "true value and expected increased future value of ROAC and its assets . . . in order to place an artificial cap on the Buyout price."  As described herein, Plaintiff's suit meets all SLUSA requirements, which warrants immediate dismissal.

Second, Plaintiff's Complaint should be dismissed for the independent reason that he fails to allege any cognizable injury.  There is no allegation that any transaction unfair to ROAC shareholders has been consummated or that Plaintiff or the purported class members have suffered any loss.  How could they?  The only thing alleged to have occurred in the Complaint is

---

[1]     "Defendants" refers to each of the defendants in this action.

that ROAC received an offer from Swenson Granite to buy the Company.  The Complaint does not -- and cannot -- allege that any such transaction has occurred (or has even been agreed to or approved by ROAC's Board or any committee thereof).  This suit is grossly premature (at best).

## BACKGROUND

Plaintiff alleges that he owns approximately 20,000 shares of common stock of ROAC, a Vermont Corporation whose stock is listed on the Nasdaq Global Market.  (Compl.[2] ¶¶ 7-8.)  Plaintiff filed this putative class action, captioned <u>Semon v. Rock of Ages Corp., et al.</u>, No. 356-5-10, on or about May 19, 2010, in Washington County, Vermont Superior Court.  On June 14, 2010, Defendants removed the action to federal court.  <u>See</u> Notice of Removal (Docket No. 1).

This case was reflexively filed shortly after ROAC's May 7, 2010 press release announcing the "unsolicited proposal" by Swenson Granite "to purchase all of the outstanding shares" of ROAC for $4.38/share.  (Compl. ¶ 2.)  The press release also announced that ROAC had formed a Special Committee of independent directors to consider the proposed transaction.  (<u>Id.</u> ¶ 28.)

Plaintiff alleges that Swenson Granite's proposal involves "grossly inadequate consideration" and constitutes a breach of Defendants' fiduciary duties, since certain Defendants may "reap substantial profits for their own benefit at the expense and to the detriment of the public stockholders of ROAC."  (<u>Id.</u> ¶¶ 1, 29.)  Plaintiff contends, among other things, that Defendants have made material omissions to shareholders as to the "true future potential" of ROAC, "in order to place an artificial cap on the [proposed] Buyout Price."  (<u>Id.</u> ¶ 33.)  Plaintiff

---

[2]    "Compl." or "Complaint" refers to Plaintiff's complaint in this matter.  <u>See</u> Notice of Removal, Exhibit A (Docket No. 1-1).

also alleges that, in light of the "voting control" of certain Defendants, the proposed transaction is "coercive to the extent that the public shareholders of ROAC have no hope that another bidder might arise with a superior proposal."  (Id. ¶ 37.)

Plaintiff does not allege that there has been any transaction unfair to shareholders, or even that any agreement as to such a transaction has been reached or approved by ROAC's Board or its Special Committee, or that shareholder approval for such a transaction has been sought or attained.  Plaintiff has not and cannot make such allegations, because no such events have transpired.

## ARGUMENT

### I.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS ARE PRECLUDED BY SLUSA

The Complaint should be dismissed because all of Plaintiff's claims are barred by SLUSA.  SLUSA was designed to preclude suits, such as Plaintiff's, that attempt to effectively bring federal securities claims in state court:

> SLUSA was enacted in 1998 to "close a loophole" in the 1995 Private Securities Litigation Reform Act ("PSLRA").  Hardy v. Merrill Lynch, Pierce, Fenner & Smith, 189 F. Supp. 2d 14, 16 (S.D.N.Y. 2001).  The PSLRA requires plaintiffs to plead with particularity any allegations of omission or misrepresentation.  See 15 U.S.C. § 78a, et seq.[3]  After the passage of the PSRLA, in an effort to avoid the

---

[3]    The Supreme Court explained the history and purpose of the PSLRA as follows:

> Congress, in 1995, . . . adopted legislation targeted at perceived abuses of the class-action vehicle in litigation involving nationally traded securities. . . .  [T]he House Conference Report accompanying what would later be enacted as the [PLSRA], identified ways in which the class-action device was being used to injure "the entire U.S. economy."  H.R. Conf .Rep. No. 104-369, p. 31 (1995).  According to the Report, nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests, and "manipulation by class action lawyers of the clients whom they purportedly represent" had become rampant in recent years.  Id.  Proponents of the Reform Act argued that these abuses resulted in extortionate settlements, chilled any discussion of issuers' future prospects, and deterred qualified individuals from serving on boards of directors.  Id., at 31-32.  Title I of

act's heightened pleading requirements, many plaintiffs brought their securities actions in state court alleging state law causes of action.  Hardy, 189 F. Supp. 2d at 16.  In order to prevent this practice and to bring securities causes back into federal courts, thereby closing this loophole, Congress passed SLUSA.  See id. (citing 144 Cong. Rec. H10771 (daily ed. Oct. 13, 1998) available at 1998 WL 712049). SLUSA makes certain securities cases brought in state court subject to removal to federal court and immediate dismissal.

Cinicolo v. Morgan Stanley Dean Witter & Co., No. 01 Civ. 6940 (GBD), 2004 WL 2848542, *3

(S.D.N.Y. Dec. 9, 2004).

> Title I of SLUSA provides that:
>
> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --
>
> > (A)    a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (B)    that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

There are five requirements for an action to be precluded by SLUSA:  (1) the

action is a "covered" class action; (2) the action purports to be based on state law; (3) the action

alleges a misrepresentation or omission of a material fact or manipulative device or contrivance;

_____

the Reform Act, captioned "Reduction of Abusive Litigation," represents Congress' effort to curb these perceived abuses.  Its provisions limit recoverable damages and attorney's fees, provide a 'safe harbor' for forward-looking statements, impose new restrictions on the selection of (and compensation awarded to) lead plaintiffs, mandate imposition of sanctions for frivolous litigation, and authorize a stay of discovery pending resolution of any motion to dismiss.  See 15 U.S.C. § 78u-4.  Title I also imposes heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5 . . . .

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 81-82 (2006).

5

(4) the action involves a "covered security;" and (5) the misrepresentations or omissions were "in connection with" the purchase or sale of such security.  15 U.S.C. §§ 78bb(f)(1-2).

Once the court determines that the action "falls within the scope of SLUSA . . . SLUSA requires that [the] [c]ourt . . . dismiss it."  Cinicolo, 2004 WL 2848542, at *6 (emphasis added) (denying motion to remand and granting motion to dismiss removed action alleging that defendant brokerage firm "misled its brokerage customers" by failing to issue "sell" recommendations).  See also Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 110 (2d Cir. 2001) (because case was properly removed, "the text of SLUSA calls for dismissal of the action"); Fisher v. Kanas, 288 Fed. Appx. 721, 723, 2008 WL 2645479, at *2 (2d Cir. July 7, 2008) (affirming motion to dismiss because claims fell under SLUSA).[4]

**A.   The Five Requirements For SLUSA Preclusion Are Satisfied**

**1.   This Case Is A "Covered Class Action" Because Plaintiff Purports To Represent More Than 50 Persons, And Because Common Questions Of Law And Fact Predominate**

An action is a "covered class action" for purposes of SLUSA if it involves common questions of law or fact that predominate over any individual questions and is brought (a) "on behalf of more than 50 persons or prospective class members" or (b) on a representative basis by one or more parties suing "on behalf of themselves and other unnamed parties similarly situated."  15 U.S.C. § 78bb(f)(5)(B)(i).   This action is a "covered class action" under both provisions.  Plaintiff purports to represent a putative class of himself and "all other stockholders

---

[4]      "[D]uring the pendency of any motion to dismiss" on SLUSA grounds, "all discovery and other proceedings" are automatically stayed.  See 15 U.S.C. § 78u-4(b)(3)(B); Newby v. Enron Corp., 338 F.3d 467, 471 (5th Cir. 2003) ("The rationale underlying the stay [i]s to prevent costly extensive discovery and disruption of normal business activities until a court c[an] determine whether a filed suit ha[s] merit, by ruling on a motion to dismiss.")  (internal quotations removed).

of [ROAC] and their successors in interest, who are or will be threatened with injury arising

from defendants' actions" with respect to the proposed transaction.  (Compl. ¶ 18.)  Plaintiff

alleges that the putative class includes "hundreds, if not thousands of shareholders."  (<u>Id.</u> ¶ 19(a).)

Plaintiff further alleges that he is bringing suit on behalf of others similarly situated, and that

"there are questions of law and fact which are common to the members of the Class and which

predominate over any questions affecting only individual members."  (<u>Id.</u> ¶ 19(b).)

### 2.      <u>Plaintiff's Claims Are Alleged To Be Based On State Law</u>

There can be no dispute that the Complaint is based on state law.  While Plaintiff

does not demonstrate separate counts, the Complaint makes multiple references to purported

breaches of fiduciary duty.  (Compl. ¶ 41.)

### 3.      <u>The Complaint Alleges Omissions of Material Facts</u>

Plaintiff alleges that "[t]he Individual Defendants . . . are in possession of non-

public information concerning the financial condition and prospects of ROAC, and especially the

true value and expected increased future value of ROAC and its assets, which they have not

disclosed to ROAC's public shareholders."  (<u>Id.</u> ¶ 33.)  Plaintiff also alleges that "[t]he Individual

Defendants, who constitute ROAC's Board, are familiar with the Company's future prospects <u>but</u>

<u>have not disclosed</u> the Company's true future potential in order to place an artificial cap on the

Buyout Price."  (<u>Id.</u> (emphasis added).)  Further, Plaintiff alleges that "[t]he Individual

Defendants, in failing to disclose the material non-public information in their possession as to the

value of ROAC, the full extent of the future earnings potential of ROAC and its expected

increase in profitability, have breached and are breaching their fiduciary duties to the members of the class."  (Id. ¶ 36.)[5]

### 4.    The Action Involves A "Covered" Security

SLUSA provides that "'covered security' means a security that satisfies the standards for a covered security specified in [15 U.S.C. § 77r(b)(1) or (2)] at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred . . . ."  15 U.S.C. § 78bb(f)(5)(E).  A "covered security" includes a security that is "listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market."  15 U.S.C. § 77r(b)(1)(A).

The "covered" security prong is satisfied because Plaintiff claims that "at all relevant times" he owned "approximately 20,000 shares of ROAC common stock," which "is listed on the NASDAQ Global Market."  (Compl. ¶¶ 7-8.)

### 5.    Plaintiff Alleges Material Omissions<br>"In Connection With" The Purchase Or Sale Of Covered Securities

SLUSA removal also requires that the alleged misrepresentations and/or omissions be "in connection with" the purchase or sale of a security.  15 U.S.C. § 78bb(f)(1). The Supreme Court has adopted a "broad interpretation" of the "in connection with" requirement for SLUSA preclusion.  Merrill Lynch, Pierce, Fenner & Smith v. Dabit, 547 U.S. 71, 85 (2006). SLUSA "only requires some 'connection' between a misrepresentation and stock" in order for the "in connection with" prong to be satisfied.  Fisher v. Kanas, 487 F. Supp. 2d 270, 280 (E.D.N.Y.

---

[5]    Plaintiff also alleges that a question common to the putative class is "whether defendants have disclosed all material facts in connection with the challenged transaction."  (Compl. ¶ 19(b)(iii).)

2007), aff'd 288 Fed. Appx. 721 (2d Cir. 2008) (dismissing under SLUSA where plaintiffs alleged that they sold their stock in connection with a corporate merger for under value due to company's misrepresentations in proxy statement concerning amount of executive compensation, notwithstanding that proxy statement did not discuss the sale of stock).

A purported shareholder class action law suit brought, as here, in connection with a proposed transaction is removable under SLUSA.  In Phillips v. Harrah's Entertainment, Inc., for instance, shareholders brought putative class actions (later consolidated) against the company and its officers and directors for "considering an offer" to buy outstanding company stock, "despite an allegedly higher share value," "without first retaining independent financial advisors and disclosing material facts related to the transaction."  No. 2:06-cv-1356 PMP-LRL, 2007 WL 556954, at *1  (D. Nev. Feb. 15, 2007).  The court found that the action was covered under SLUSA and that removal was proper, id. at *3, and subsequently dismissed the case.

Here, the Complaint makes plain that Plaintiff's allegations concern purported omissions "in connection with" the purchase or sale of a covered security:  Plaintiff alleges, among other things, that "[t]he Individual Defendants, who constitute ROAC's Board, are familiar with the Company's future prospects but have not disclosed the Company's true future potential in order to place an artificial cap on the Buyout Price."  (Compl. ¶ 33.)  That allegation is sufficient to satisfy the SLUSA "in connection with" requirement.  E.g., Phillips, 2007 WL 556954, at *2.[6]

---

[6]     Since the proposed transaction has not occurred and shareholder approval has been neither sought nor attained, none of the exceptions to removal under SLUSA apply to this case. See 15 U.S.C. §§ 78bb(f)(3).  See also, e.g., Fisher, 487 F. Supp. 2d at 280 (although allegedly misleading proxy statement that did not mention the sale of securities was "in connection with" the sale of securities under the Supreme Court's broad construction of SLUSA, exceptions to

### B.    The Entire Complaint Should Be Dismissed

The Complaint should be dismissed in its entirety once the Court determines that all five requirements for SLUSA preclusion have been satisfied.  Courts have held that where -- as here -- allegations of misrepresentations and omissions that are precluded by SLUSA are incorporated into the entire complaint, the complaint must be dismissed.  (See Compl. ¶ 40 ("By reason of the foregoing" allegations in the Complaint, "each member of the Class has suffered damages").)  See also Lander, 251 F.3d at 110; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294, 305 (3d Cir. 2005) (affirming dismissal under SLUSA because "[t]he the complaint repeatedly alleges that [defendant] misrepresented the value of its investment banking clients' securities"); Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1287-88 (10th Cir. 2008) (affirming dismissal under SLUSA).

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT HE HAS FAILED TO ALLEGE ANY COGNIZABLE INJURY

Even if Plaintiff's claims were not required to be dismissed pursuant to SLUSA (which they are), Plaintiff's Complaint fails for the independent reason that he has failed to plead injury.

Plaintiff alleges that Swenson Granite made a "proposal . . . to purchase all of the outstanding shares of the Company for $4.38 per share in cash."  (Compl. ¶ 2 (emphasis added).) He seeks judgment "rescinding the Proposed Transaction . . . and/or awarding rescissory damages" "in the event the Proposed Transaction is consummated."  (Id. ¶ 41(e) (emphasis added).)  He claims that questions common to the class include "whether Plaintiff and the other

_____

SLUSA did not apply because no misleading statement was found to actually "involve" the sale of securities).

10

members of the Class <u>would be</u> irreparably damaged were defendants not enjoined from the conduct described herein."  (<u>Id.</u> ¶ 19(b)(iv) (emphasis added).)  Indeed, Plaintiff defines the class as "stockholders . . . who are or will be <u>threatened</u> with injury arising from" Defendants' alleged wrongdoing.  (<u>Id.</u> 18 (emphasis added).)  What Plaintiff does <u>not</u> allege is that an unfair transaction has been consummated or agreed to or that he or any putative class member has wrongfully incurred any loss.  Indeed, the notion of "rescinding" a <u>proposed</u> transaction makes no sense:  at this stage, there is nothing to rescind!

Since Plaintiff has incurred no harm and any future harm is entirely speculative, his claims are not ripe.  For the same reasons, Plaintiff lacks standing.  Plaintiff's suit is premature at best, and should be dismissed.

### A.    <u>Plaintiff's Claims Are Not Ripe</u>

Because Plaintiff attempts to establish injury based on a proposed transaction that has not occurred and as to which there is not even an agreement, his claims fail under the ripeness doctrine.  <u>See</u> <u>Brown v. Ferro Corp.</u>, 763 F.2d 798 (6th Cir. 1985).

In <u>Brown</u>, a stockholder challenged agreements providing for severance to corporate officers in the event of a "change in control."  <u>Id.</u> at 799.  The Sixth Circuit found that, notwithstanding that $1.5 million of company money had already been deposited into an escrow account for future potential severance payments, the fact that no "change of control" was pending warranted dismissal:  "All of this speculation serves to highlight the fact that it is still unclear how these events will play out, and that judicial intervention at this time would be premature, as this case is not ripe for decision."  <u>Id.</u> at 802 (<u>citing</u> <u>Mills v. Esmark, Inc.</u>, 544 F. Supp. 1275, 1290-91 (N.D. Ill. 1982) (granting motion to dismiss shareholder claim that directors breached fiduciary duties by recommending that company pay executive severance in the event of a

company merger or acquisition, because "[w]hether any future merger or acquisition would result in a waste or gift of corporate assets is a matter not ripe for consideration here")).

As in <u>Brown</u> and <u>Mills</u>, the contingent event triggering Plaintiff's alleged injury (in this case, the purchase by Swenson Granite of ROAC outstanding shares at an unfair price) has not occurred (nor has any agreement with respect to such a transaction even been reached or approved by ROAC's Board of Directors or its Special Committee), and Plaintiff's claims are not ripe for adjudication.

**B.    <u>Plaintiff Also Lacks Standing</u>**

Plaintiff's claims fail for the independent reason that he lacks standing.  A threshold requirement for Article III standing is "injury in fact," which is a "concrete and particularized" harm to a "legally protected interest." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  For a plaintiff to have standing, the alleged injury must also be "actual or imminent, not conjectural or hypothetical." <u>Id.</u> at 560 (quotations omitted).  Where, as here, there is no present injury and any future injury is "entirely speculative," dismissal is proper.  <u>See Kendall v. Employees Ret. Plan of Avon Prods.</u>, 561 F.3d 112, 121-22 (2d Cir. 2009) (citation omitted) (affirming dismissal because plaintiff's allege injury based on "as-yet-to-be-determined" amendments to employer's retirement plan was too speculative to confer standing).  <u>See also Hollander v. United States</u>, 354 Fed. Appx. 592, 593, 2009 WL 4350252, at *1 (2d Cir. Dec. 3, 2009) (affirming dismissal of challenge to statute on grounds that it allowed the government or third parties to disseminate harmful information about plaintiffs, finding that the alleged injury was "purely speculative" since "plaintiffs have failed to allege that any information concerning them has or will likely be disseminated").

Here, Plaintiff has pled <u>no</u> facts showing that he or any purported class member has been harmed as a result of Defendants' alleged misconduct.  While Plaintiff makes the

passing allegation that "[b]y reason of the foregoing, each member of the Class has suffered damages" (Compl. ¶ 40), his Complaint fails to describe any harm that has actually occurred. See, e.g., Walker v. S.W.I.F.T. SCRL, 517 F. Supp. 2d 801, 808 (E.D. Va. 2007) ("The complaint is deficient in its factual allegations relating to standing.  Apart from the conclusory allegation . . . to the effect that '[b]y the acts alleged herein, [defendant's] conduct proximately caused harm to Plaintiffs and class members,' the complaint fails to allege facts from which injury in fact may be inferred.")

Rather, any "harm" alleged by Plaintiff stems from a series of contingent, indeterminable future events.  However, future injury must be "imminent" to confer standing. Lujan, 504 U.S. at 560.  Plaintiff's claim that putative class members "will be damaged in that they will not receive their fair portion of the value of ROAC and will be prevented from obtaining the real value of their equity ownership of the Company" (Compl. ¶ 38) is fatally undermined by the lack of any allegation that a deal has been reached between Swenson Granite and ROAC or that shareholder approval has been sought or attained.  Plaintiff cannot make such an allegation because no such events have occurred.  The Complaint is further undermined by Plaintiff's reliance on the "expected future value of ROAC" and ROAC's "future prospects" (id. ¶ 33 (emphasis added)) to show that the price per share offered by Swenson Granite (which, again, has not yet been agreed to) is unfair.  Plaintiff also speculates that "public shareholders of ROAC have no hope that another bidder might arise with a superior proposal."  (Id. ¶ 37.)  Conclusory assertions of injury such as these cannot survive a motion to dismiss.  See Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90, 2001 WL 1220524, at *3 (2d Cir. Oct. 11, 2001) (affirming

13

dismissal because claims of injury were "conclusory," holding "[t]he tenuous causal chain laid out by [defendant] is constitutionally insufficient to ground standing").[7]

## **CONCLUSION**

For all of the foregoing reasons, defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr.'s motion to dismiss should be granted and Plaintiff's Complaint dismissed in its entirety.


Dated:  June 21, 2010                                   Respectfully submitted,
              Burlington, Vermont


                                                                  /s/  Samuel Hoar, Jr.
                                                                  Samuel Hoar, Jr.
James R. Carroll (pro hac vice                     DINSE, KNAPP AND
      motion to be filed)                                      MCANDREW, P.C.
Nicholas I. Leitzes (pro hac vice                  P.O. Box 988
      motion to be filed)                               209 Battery Street
SKADDEN, ARPS, SLATE,                        Burlington, Vermont 05402-0988
      MEAGHER & FLOM LLP                    (802) 864-5751
One Beacon Street                                    shoar@dinse.com
Boston, Massachusetts  02108
(617) 573-4800                                          Counsel for Defendants
jcarroll@skadden.com                             James L. Fox, Pamela G. Sheiffer
nleitzes@skadden.com                            and Frederick E. Webster, Jr.


---

[7]     Plaintiff's request for a remedy in the form of "injunctive relief" barring the proposed transaction should be denied for the independent reason that, as set forth herein, Plaintiff fails to state a claim warranting any relief.  Plaintiff also fails to plead the requirements for injunctive relief.  See, e.g., Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (per curiam) (vacating preliminary injunction, holding that "[t]he standard in the Second Circuit for injunctive relief clearly calls for a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief" and that "where money damages is adequate compensation a preliminary injunction will not issue").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.

I further certify that the following counsel of record will be served by the ECF system:

James W. Spink
SPINK & MILLER, PLC
One Lawson Lane
Burlington, Vermont 05401
(802) 864-1100
jspink@spinkmiller.com

Counsel for Defendants
Rock of Ages Corporation and Laura Plude

Sean M. Gorman
SHEEHAN, PHINNEY,
    BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
sgorman@sheehan.com

Counsel for Defendant
Swenson Granite Company, LLC

Walter E. Judge Jr.
DOWNS, RACHLIN &
    MARTIN, PLLC
Courthouse Plaza
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
(802) 863-2375
wjudge@drm.com

Counsel for Defendants
Kurt Swenson, Donald LaBonte,
Richard Kimball, and Charles Waite

I further certify that on June 21, 2010, I served a copy of the foregoing document on the following counsel of record by first class mail, postage prepaid:

Alan L. Reische (<u>pro hac vice</u>
    motion to be filed)
Edward A. Haffer (<u>pro hac vice</u>
    motion to be filed)
SHEEHAN, PHINNEY,
    BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
areische@sheehan.com
ehaffer@sheehan.com


Counsel for Defendant
Swenson Granite Company, LLC


Daniel P. Richardson, Esq.
TARRANT, GILLES, MERRIMAN &
    RICHARDSON
44 East State Street
P. O. Box 1440
Montpelier, VT 05601-1440


Counsel for Plaintiff


Wilbur A. Glahn III (<u>pro hac vice</u>
    motion to be filed)
MCLANE, GRAF, RAULERSON &
    MIDDLETON, P.A.
900 Elm Street
P.O. Box 326
Manchester, NH  03105
(603) 625-6464
bill.glahn@mclane.com


Counsel for Defendants
Rock of Ages Corporation and Laura
Plude


Dated: June 21, 2010             <u>/s/  Samuel Hoar, Jr.           </u>