UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| TODD SEMON, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCK OF AGES CORPORATION, SWENSON GRANITE COMPANY, LLC, KURT M. SWENSON, JAMES L. FOX, RICHARD C. KIMBALL, DONALD LABONTE, LAURA A. PLUDE, PAMELA G. SHEIFFER, CHARLES M. WAITE, and FREDERICK E. WEBSTER JR.,<br><br>Defendants. | Case No. 5:10cv00143 - CR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

I.      PRELIMINARY STATEMENT ..................................................................................1

II.     SUMMARY OF FACTS MATERIAL TO THE VERMONT STATE COURT ACTION .........................................................................................................................2

III.    ARGUMENT.................................................................................................................3

        A.     The Vermont State Court Action Must Be Remanded for Lack Of Subject Matter Jurisdiction ...................................................................................3

                1.     Defendants Failed to Demonstrate Propriety of Removal ...............3

                2.     The Complaint Pleads Only Claims Under Vermont State Law and Does Not Raise Any Federal Claims .........................................4

                3.     The Vermont State Court Action Is Not Removable Under SLUSA and Must be Remanded to State Court ...............................4

                4.     Defendants' Removal of the Vermont State Court Action Under CAFA Is Also Improper .......................................................9

IV.    CONCLUSION............................................................................................................11

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

TABLE OF AUTHORITIES

CASES

*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987)..................................................................................................4

*CTS Corp. v. Dynamics Corp. of Am.*,
  481 U.S. 69 (1987)....................................................................................................4

*Estate of Pew v. Cardarelli*,
  527 F.3d 25 (2d Cir. 2008) .....................................................................................10

*Fisher v. Kanas*,
  487 F. Supp. 2d 270 (E.D.N.Y. 2007) ....................................................................10

*Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*,
  603 F.3d 23 (2d Cir. 2010) ...................................................................9-10, 10-11

*Heckel v. Ragonese*,
  2004 U.S. Dist. LEXIS 4517 (D. Vt. Mar. 11, 2004) ...............................................3

*Hodges v. Demchuk*,
  866 F. Supp. 730 (S.D.N.Y. 1994) ...........................................................................3

*Ind. Elec. Workers Pension Trust Fund v. Millard*,
  2007 U.S. Dist. LEXIS 54203 (S.D.N.Y. July 24, 2007) ....................................7, 8

*Manson v. GMAC Mortg., LLC*,
  602 F. Supp. 2d 289 (D. Mass. 2009) ....................................................................10

*Merrell Dow Pharm., Inc. v. Thompson*,
  478 U.S. 804 (1986)..................................................................................................4

*Nickell v. Shanahan*,
  2010 U.S. Dist. LEXIS 2481 (E.D. Mo. Jan. 13, 2010) ...........................................7

*Palermo v. Fid. & Guar. Ins. Co.*,
  2009 U.S. Dist. LEXIS 1824 (D. Vt. Jan. 12, 2009) ................................................3

*Phillips v. Harrah's Entertainment, Inc.*,
  2007 WL 556954 (D. Nev. Feb. 15, 2007) ............................................................10

*Rubery v. Radian Group, Inc.*,
  2007 U.S. Dist. LEXIS 39372 (E.D. Pa. May 30, 2007) ..........................................7

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440


*Superior Partners v. Chang*,
    471 F. Supp. 2d 750 (S.D. Tex. 2007) ............................................................................... 7

*Syngenta Crop Prot., Inc. v. Henson*,
    537 U.S. 28 (2002) .............................................................................................................. 3

*United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*,
    30 F.3d 298 (2d Cir. Conn. 1994) .................................................................................... 3

*Weitman v. Tutor*,
    588 F. Supp. 2d 133 (D. Mass. 2008) ............................................................................... 7

## STATUTES AND RULES

28 U.S.C. § 1331 ............................................................................................................................. 4

28 U.S.C. § 1332(d)(9) ................................................................................................................... 9

28 U.S.C. § 1441 ............................................................................................................................. 4

28 U.S.C. § 1441(b) ....................................................................................................................... 1

28 U.S.C. § 1446 ............................................................................................................................. 4

28 U.S.C. § 1447(c) ........................................................................................................................ 3

Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ................................................. passim

Securities Litigation Uniform Standard Act of 1998, 15 U.S.C. § 78bb *et seq.* ............. passim

Securities Act of 1933, 15 U.S.C. § 77p ...................................................................................... 5

Securities Exchange Act of 1934, 15 U.S.C. § 78b ................................................................... 5

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

Defendants Kurt M. Swenson, James L. Fox, Richard C. Kimball, Donald Labonte, Laura A. Plude, Pamela G. Sheiffer, Charles M. Waite, And Frederick E. Webster Jr. (collectively the "Individual Defendants"), Rock Of Ages Corporation ("ROAC"), Swenson Granite Company, LLC ("Swenson Granite"), (collectively with the Individual Defendants, the "Defendants"), removed an action that Plaintiff, Todd Semon, commenced in the State of Vermont Washington County Superior Court (the "Vermont State Court Action") to this Court pursuant to a Notice of Removal filed June 14, 2010. Plaintiff submits this memorandum of law in support of his motion to remand this action back to the State of Vermont Washington County Superior Court.

## I.   PRELIMINARY STATEMENT

The Complaint in the Vermont State Court Action asserts claims under Vermont law for breach of fiduciary duties (and aiding and abetting the breaches of fiduciary duty) owed by Defendants to Plaintiff and members of the Class (as defined in the Complaint filed in the Vermont State Court Action).[1]

Defendants removed the Vermont State Court Action to this Court under two alternative grounds. First, Defendants claim that the Vermont State Court Action is appropriate for removal under 28 U.S.C. §1441(b) as an action arising under the laws of the United States because the claims are supposedly preempted by the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"), 15 U.S.C. §78bb *et seq*. Secondly, Defendants

---

[1] In particular, the Complaint alleges that the Individual Defendants "have participated, and/or reasonably expect to participate as a result of their relationships with Kurt Swenson and/or the Company, in unfair business practices and self-dealing toward Plaintiff and other members of the Class and have engaged in and substantially assisted and aided each other in breach of the fiduciary duties owed by them to the Class." *See* Complaint ¶ 34.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

claim that, in the alternative, this Court has jurisdiction pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d).

As demonstrated below, Defendants err in their conclusions that the Vermont State Court Action is removable to this Court. Both statutes relied upon by Defendants as grounds for removal have carve out provisions which carefully and specifically exempt actions such as the Vermont State Court Action from federal jurisdiction.

## II. SUMMARY OF FACTS MATERIAL TO THE VERMONT STATE COURT ACTION

The Vermont State Court Action was brought exclusively under Vermont state law, not federal law, to remedy Defendants' breaches of their fiduciary duties.

This case arises out of the May 7, 2010, announcement by ROAC that "its Board of Directors (the 'Board') had received an unsolicited proposal from Swenson Granite Company, LLC ("Swenson [Granite]") led by Kurt Swenson, the Chairman of Swenson, and non-executive Chairman of ROAC, his brother, Kevin Swenson, and [Robert] Pope, President and Chief Executive Officer of Swenson, as well as ROAC board members, Richard C. Kimball ("Kimball"), and Charles M. Waite ("Waite"), to purchase all of the outstanding shares of the Company for $4.38 per share in cash (the "Proposed Transaction")". See Complaint ¶2.[2]

According to the May 7, 2010 press release announcing the Proposed Transaction, Kurt M. Swenson, together with his brother, Kevin Swenson, and Robert Pope, own approximately 29% of all outstanding shares of common stock of ROAC, and control approximately 70% of the voting power of all outstanding capital stock of ROAC. Complaint

---

[2] Swenson Granite, Kurt Swenson, Kevin Swenson, Robert Pope, ROAC directors Kimball and Waite, and Swenson Granite directors Scott Herrick and Jake Swenson are collectively referred to herein as the "Swenson Group".

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

- 2 -

¶26. The Swenson Group controls approximately 83% of the ROAC Class B Common Stock. Complaint ¶6.

Plaintiff, a ROAC shareholder with approximately 20,000 ROAC shares, filed his Complaint on May 19, 2010 in Vermont Superior Court.

## III. ARGUMENT

### A. The Vermont State Court Action Must Be Remanded for Lack Of Subject Matter Jurisdiction

28 U.S.C. §1447(c), which governs the procedure after removal, provides that a district court is required to remand any action over which it has no subject matter jurisdiction.

#### 1. Defendants Failed to Demonstrate Propriety of Removal

The party removing an action from a state court to a federal court has the burden of demonstrating that removal was proper. *Heckel v. Ragonese*, 2004 U.S. Dist. LEXIS 4517, at *1 (D. Vt. Mar. 11, 2004), *quoting Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) ("'On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating removal was proper.'"). *See also United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. Conn. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."). Accordingly, Defendants must show the existence of federal subject matter jurisdiction for proper removal. Further, this Court is required to strictly construe removal jurisdiction, with the resolution of any doubts in favor of remanding the action to state court. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (U.S. 2002) ("These statutory procedures for removal are to be strictly construed."); *Palermo v. Fid. & Guar. Ins. Co.*, 2009

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

U.S. Dist. LEXIS 1824, at *8 (D. Vt. Jan. 12, 2009) ("removal is disfavored and doubts should be resolved in favor of remand").

Defendants maintain that subject matter jurisdiction has been conferred through 28 U.S.C. §1441, 1446 and, specifically, SLUSA and CAFA. As demonstrated below, Defendants' arguments are without merit.

### 2. The Complaint Pleads Only Claims Under Vermont State Law and Does Not Raise Any Federal Claims

The "well pleaded complaint rule" governs the presence of federal-question jurisdiction and "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As noted by the Supreme Court, the plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Here, Plaintiff has alleged specifically and only claims under Vermont state law. *See CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 89 (U.S. 1987) (recognizing individual state's jurisdiction over resident corporations). Defendants' attempt to re-frame these claims as federal issues "does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (U.S. 1986).

### 3. The Vermont State Court Action Is Not Removable Under SLUSA and Must be Remanded to State Court

This Court does not have original jurisdiction over this action pursuant to 28 U.S.C. §1331. When Congress enacted SLUSA it carefully carved out certain actions for which it wished to preserve jurisdiction in state courts. This Vermont State Court Action is precisely the type of case which Congress expressly provided would **not** be made removable by

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

SLUSA, 15 U.S.C. §77p, 15 U.S.C. §78bb(f).[3]  Under 15 U.S.C. §78bb(f)(3) (and its comparable provision under 15 U.S.C. §77p(d)(1)) Congress expressly reserved to state courts certain class actions:

> (3) Preservation of certain actions
> (A) Actions under State law of State of incorporation
>     (i) Actions preserved
>     Notwithstanding paragraph (1) or (2), a covered class action described in clause (ii) of this subparagraph that is based upon the statutory or common law of the State in which the issuer is incorporated (in the case of a corporation) or organized (in the case of any other entity) may be maintained in a State or Federal court by a private party.
>     (ii) Permissible actions
>     A covered class action is described in this clause if it involves -
>         (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>         (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that -
>             (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>             (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

Thus, Congress explicitly preserved for state courts (i.e., made non-removable), class actions that are based upon the statutory or common law of the State in which the issuer is incorporated or organized.[4]  As clearly pled in the Complaint, Rock of Ages is a Vermont

---

[3]  SLUSA amended both the Securities Act of 1933, 15 U.S.C. §77p, and the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78bb(f). The operative language under both provisions is the same. Although Defendants jump between both statutes, for the convenience of the Court, Plaintiff will consistently refer to the SLUSA provision which amended the Exchange Act.

[4]  Although it applies to all states, this specific carve-out for state court actions is commonly referred to as the "Delaware carve-out" since corporate actions and buyouts of public shareholders typically are filed in Delaware Chancery Court because many companies are incorporated in Delaware.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

corporation and the breach of fiduciary duty claims in the Vermont State Court Action are based exclusively upon Vermont law.

Further, the Vermont State Court Action falls within both definitional subsections of the Delaware carve-out in §78bb(f)(3)(A)(ii) (even though only one is required) of actions that are preserved to state courts, that is, the purchase of securities by "an affiliate of the issuer exclusively from or to holders of equity securities of the issuer" or relate to "any recommendation, position, or other communication with respect to the sale of securities of the issuer that (I) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (II) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights." Plaintiff's claims fall within the carve-out.

Plaintiff meets the first prong of the carve-out by bringing claims concerning "the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer." Plaintiffs' claims arise out of the Proposed Transaction in which the Swenson Group has proposed to purchase all of the securities of ROAC from the current holders of ROAC common stock. This clearly falls under the first prong of the carve-out. In this instance, Swenson Group is an affiliate of the issuer[5] as the Group indirectly controls ROAC through the ownership of ROAC shares held by Kurt Swenson, Kevin Swenson and Robert Pope. These three men own "approximately 29% of all outstanding shares of common stock of Rock of Ages, and control approximately 70% of the voting power of all outstanding capital stock of Rock of Ages." Complaint ¶¶9, 26. Kurt

---

[5] In drafting SLUSA, Congress defined "affiliate of the issuer" to mean "a person that directly or indirectly, through one or more intermediaries, controls or is controlled by or is under common control with, the issuer." 15 U.S.C. §78bb(f)(5)(A)).

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

- 6 -

Swenson is the Chairman of Swenson Granite and non-executive Chairman of ROAC, Kevin Swenson is the brother of Kurt Swenson, and Robert Pope is the President and Chief Executive Officer of Swenson Granite.

Further, Plaintiff's claims also fall under the second prong of the Delaware carve-out. "A covered class action that is based upon the law of the state in which the issuer is incorporated may be maintained under prong (II) if it meets three requirements: it must 'involve' (1) 'any recommendation, position, or other communication with respect to the sale of securities' of the issuer that (2) 'is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer' and that (3) 'concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.'" *Ind. Elec. Workers Pension Trust Fund v. Millard*, 2007 U.S. Dist. LEXIS 54203, at *11-12 (S.D.N.Y. July 24, 2007), *citing Superior Partners v. Chang*, 471 F. Supp. 2d 750, 753-55 (S.D. Tex. 2007). *See also Nickell v. Shanahan*, 2010 U.S. Dist. LEXIS 2481 (E.D. Mo. Jan 13, 2010) (Delaware carve-out applied to shareholder class action alleging, *inter alia*, breach of fiduciary duty and aiding and abetting such breach, on behalf of former shareholders in connection with the acquisition of their shares; and removal under SLUSA was improper and court on its own motion remanded case to state court); *Weitman v. Tutor*, 588 F. Supp. 2d 133, 137, 139 (D. Mass. 2008) (action for breach of fiduciary duty by majority shareholder in acquiring shares of minority shareholders is subject to Delaware carve-out and must be remanded to state court); *Rubery v. Radian Group, Inc.*, 2007 U.S. Dist. LEXIS 39372, at *1-2, 13-16 (E.D. Pa. May 31, 2007) (class action for breach of fiduciary duty for agreeing to merger without soliciting other bids is not removable under SLUSA and is remanded to state court; press release

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

announcing a merger is a "communication" within meaning of Delaware carve-out); *Superior Partners*, 471 F. Supp. 2d at 753-55 (claims for breach of fiduciary duty based on preliminary proxy for acquisition by merger were remanded to state court under Delaware carve-out).

Here, Plaintiff alleged wrongdoing that is based on a communication (the May 7, 2010 press release) by an issuer (ROAC) to holders of equity securities of the issuer which ultimately concerns decisions of the equity security holders with respect to an eventual vote of their securities. Despite Defendants' bald declaration that this exception does not apply here because the Proposed Transaction has not occurred and shareholder approval has not been sought, this is exactly the kind of action Congress envisioned when it determined that it was appropriate to preserve such actions to state court.[6]

Following a removal from state court under section 15 U.S.C. §78bb(f)(2), if the federal court determines that the action is preserved under the Delaware carve-out, it must remand the action to state court. 15 U.S.C. §78bb(f)(3)(D) ("In an action that has been removed from a state court pursuant to paragraph (2), if the Federal court determines that the action may be maintained in state court pursuant to this subsection, the Federal court shall remand such action to such state court."). *See also Ind. Elec. Workers Pension Trust Fund*, 2007 U.S. Dist. LEXIS 54203, at *10 (S.D.N.Y. July 24, 2007) ("If a federal court finds that an action under §78bb(f)(2) is preserved by the Delaware carve-out, the court must remand the action to the state court.") (footnote omitted).

---

[6] Defendants' argument is ironic. Arguing that the carve-out exception does not become applicable until the Proposed Transaction is imminent and a vote scheduled means that Defendants are contending that the federal court has jurisdiction now, but would not have subject matter jurisdiction once a vote is scheduled and/or the Proposed Transaction becomes imminent.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

- 8 -

4. **Defendants' Removal of the Vermont State Court Action Under CAFA Is Also Improper**

Similar to the exceptions under SLUSA, Congress also provided that jurisdiction under CAFA shall **not** apply to class actions which solely involve certain claims. 28 U.S.C. §1332(d)(9) provides that federal jurisdiction simply does not apply to any class action:

> (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

This action clearly falls under the exceptions provided in these subparagraphs. The common stock of ROAC is a covered security as Defendants admit. Defts. Br. at 6, ¶10(d). Plaintiff does not contest that the ROAC stock is a covered security in the argument above regarding SLUSA/CAFA preemption, rather Plaintiff argues that the Vermont State Court Action falls into the Delaware carve-out carefully drafted by Congress to preserve state jurisdiction over actions such as this. Therefore, the Vermont State Court Action is not properly removable under CAFA.

Plaintiff's claims relate to his and the class' rights as stockholders and the fiduciary duties that are owed to them as stockholders. The claims which Plaintiff is asserting are claims that are under state law based on his holding and ownership of the common stock of Rock of Ages. He is not asserting federal securities antifraud claims based on the purchase or sale of such stock. The Second Circuit has made clear that lawsuits seeking to enforce the

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

rights of securities holders are immune from removal and must be remanded. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 28-31 (2d Cir. 2010); *cf. Estate of Pew v. Cardarelli*, 527 F.3d 25, 30, 32 (2d Cir. 2008) (CAFA "'carves out an exception for actions that are based on the law of the state in which the issuer is incorporated or organized and that concern transactions with or communications to persons who already hold the securities of the issuer'").[7] In *Greenwich*, plaintiffs were holders of certificates of trusts that were issued to investors who filed a state court action asserting claims for certain interest and principal payments arising from their ownership of these securities. Defendants removed the action under CAFA. The district court remanded and, on appeal of the remand by defendants, the Second Circuit held that an action seeking to enforce rights of security holders fell within the exceptions in CAFA and was not removable under CAFA.

---

[7] Defendants' reliance on *Fisher v. Kanas*, 487 F. Supp. 2d 270, 279 (E.D.N.Y. 2007) is misplaced. There the claim did not involve a "purchase or sale of securities by the issuer or an affiliate of the issuer" and, importantly, the plaintiff sold his shares before the buyout. Thus, the case did not fall within the carve-out. Defendants' citation to *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289 (D. Mass. 2009) is inapposite since the case has nothing to do with breaches of fiduciary duties owed to common stockholders, but rather presents a classic consumer class action involving improper mortgage foreclosure practices, exactly the type of case for which CAFA was enacted.

Defendants' reliance on *Phillips v. Harrah's Entertainment, Inc.*, 2007 WL 556954 (D. Nev. Feb. 15, 2007), is surprising since the parties there concluded they would resolve the case in state court. (*See* subsequent entries on court docket sheet, Case No. 2:06-cv-01356-PMP-LRL (D. Nev. May 30, 2007).) The complaint there had been consolidated with other complaints that were seeking damages arising from the same or substantially similar facts. *Id.* at *1. The only plaintiff seeking remand back to state court claimed that it was not a "covered action" because it did not seek damages rather than seeking remand under the Delaware carve-out. *Id.* (On the other hand, Plaintiff here argues that he is not subject to SLUSA because he falls under the Delaware carve-out as outlined above.)

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

Giving Defendants' removal arguments any weight whatsoever would nullify the Delaware carve-out in CAFA (as well as SLUSA). As the Second Circuit stated in *Greenwich Fin. Servs.*, 603 F.3d at 31-32, "Congress cannot have intended its exceptions to CAFA jurisdiction to be essentially meaningless."

## IV. CONCLUSION

Plaintiff's motion to remand should be granted and this action should be promptly remanded back to the State Court.

Dated: June 22, 2010

Respectfully submitted,

Daniel P. Richardson
TARRANT, GILLIES, MERRIMAN
 & RICHARDSON
44 East State Street
P.O. Box 1440
Montpelier, Vermont 05601-1440
(T): (802) 223-1112
(F): (802) 223-6225

*Attorneys for Plaintiff*

OF COUNSEL:

WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
(212) 759-4600

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

- 11 -