STATE OF VERMONT
WASHINGTON COUNTY, SS

RECEIVED
BURLINGTON, VT

JUN 25 2010

5:10-CV-143
CLERK'S OFFICE
U.S. DISTRICT COURT

TODD SEMON, on behalf of himself, and all others similarly situated,

    Plaintiff,

v.

ROCK OF AGES CORPORATION, SWENSON GRANITE COMPANY, LLC, KURT M. SWENSON, JAMES L. FOX, RICHARD C. KIMBALL, DONALD LABONTE, LAURA A. PLUDE, PAMELA G. SHEIFFER, CHARLES M. WAITE, and FREDERICK E. WEBSTER JR.,

    Defendants.

Docket No. _____ WnCv

256-5-10 Whw

## CLASS ACTION COMPLAINT

Plaintiff, Todd Semon, by his attorneys, alleges the following upon information and belief, except for those allegations which pertain to plaintiff, which allegations are based upon personal knowledge:

1.    This action arises out of an unlawful scheme and plan to enable Kurt M. Swenson, Kevin Swenson and Robert Pope ("Pope"), who collectively own 70% of the voting power of Rock of Ages Corporation ("ROAC" or the "Company"), to acquire the Company for grossly inadequate consideration and in breach of the individual defendants' fiduciary duties.

2.    Specifically, on May 7, 2010, ROAC announced that its Board of Directors (the "Board") had received an unsolicited proposal from Swenson Granite Company, LLC ("Swenson") led by Kurt Swenson, the Chairman of Swenson, and non-executive Chairman of ROAC, his brother, Kevin Swenson, and Pope, President and Chief Executive Officer of Swenson, as well as ROAC board members, Richard C. Kimball ("Kimball"), and Charles M.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

Waite ("Waite"), to purchase all of the outstanding shares of the Company for $4.38 per share in cash (the "Proposed Transaction"). According to the proposal letter dated May 6, 2010, addressed to the Board ("Proposal Letter"), as part of the Proposed Transaction, Kurt Swenson, Kevin Swenson, and Pope would exchange all of their 2,173,364 Class B shares of ROAC for additional interests in Swenson.

3. According to the May 7, 2010 press release announcing the Proposed Transaction, Swenson seeks to structure the transaction so that the value of ROAC's assets can be "stepped up" to fair value to the extent possible under the Internal Revenue Code. There can be no assurance as to whether such a step up can be achieved. Accordingly, the Board has cautioned investors that the inability to achieve such a step-up could result in a reduction of Swenson's proposed $4.38 per share price (the "Buyout Price").

4. On May 12, 2010, Swenson filed a Schedule 13D, "on behalf of Swenson Granite and certain other persons who may be considered to be acting as a group with Swenson Granite." The individuals listed in the filing include Kurt Swenson, Kevin Swenson, Robert Pope, and also ROAC directors Kimball and Waite, and additional Swenson directors, Scott Herrick and Jake Swenson (collectively, the "Swenson Group"). According to the 13D, "Richard Kimball, Charles Waite and Jake Swenson own, respectively, 29,126; 29,126; and 30,744 shares of Class B Common Stock and have not been asked to make the decision on whether to take cash or Swenson Granite member interests at this time."

5. The members of the Swenson Group "are acting in concert, as current and former directors of Swenson Granite . . ." according to the 13D.

6. The Swenson Group controls approximately 83% of the Class B Common Stock.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                              2

## THE PARTIES

7. Plaintiff, Todd Semon ("Plaintiff"), is, and at all relevant times was, the owner of approximately 20,000 shares of ROAC common stock.

8. Defendant ROAC is a Vermont corporation with its executive offices located at 560 Graniteville Road, Graniteville, Vermont 05654. The Company's Class A Common Stock is listed on the NASDAQ Global Market under the symbol "ROAC." ROAC purports to be the largest integrated quarrier and manufacturer of finished granite memorials and granite blocks for memorial use in North America. According to ROAC, it owns and operates nine active quarry properties and five manufacturing and sawing facilities in North America, principally in Vermont and the Province of Quebec. The Company sells memorials wholesale to independent authorized ROAC retailers in the United States and Canada.

9. Defendant Kurt M. Swenson has been the Chairman of the Board of ROAC since 1984. From 1984 to June 30, 2008, he was President and Chief Executive Officer of the Company, and is currently the non-executive Chairman of the Board. He is also the non-executive Chairman of Swenson, an affiliate of ROAC. Along with his brother, Kevin Swenson, and Robert Pope, President and Chief Executive Officer of Swenson, Kurt Swenson owns approximately 29% of all outstanding shares of ROAC, and controls approximately 70% of the voting power of all outstanding capital stock of ROAC. He is part of the Swenson Group.

10. Defendant Donald Labonte ("Labonte") has been a director and President and Chief Executive Officer of ROAC since 2008. He was President and Chief Operating Officer/Quarry Division from December 2007 to February 2008, and President and Chief Operating Officer/Manufacturing Division from August 2002 to February 2008. Labonte has

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                           3

also been President of Rock of Ages Canada, Inc., a wholly owned subsidiary of the Company, since 1999.

11. Defendant James L. Fox ("Fox") has been a director of the Company since October 1997.

12. Defendant Richard C. Kimball has been a director of the Company since 1986, and Vice Chairman since 1993. Kimball is a former director of Swenson Granite and a member of the Swenson Group. Kimball beneficially owns 72,126 shares of Class A Common Stock, including 29,126 shares of Class B Common Stock, currently convertible into shares of Class A Common Stock..

13. Defendant Laura A. Plude ("Plude") is, and all relevant times was, ROAC's Chief Financial Officer and Vice President of Finance.

14. Defendant Pamela G. Sheiffer ("Sheiffer") has been a director of the Company since June 2004.

15. Defendant Charles M. Waite has been a director of the Company since 1985. Waite is a former director of Swenson Granite and a member of the Swenson Group. Waite beneficially owns 45,000 shares of Class A Common Stock, including 29,126 shares of Class B Common Stock, currently convertible into shares of Class A Common Stock.

16. Defendant Frederick E. Webster Jr., Ph.D. ("Webster") has been a director of the Company since October 1997.

17. The above-named individual defendants (collectively the "Individual Defendants"), as officers and/or directors of the Company, owe fiduciary duties of good faith, loyalty, fair dealing, due care, and candor to Plaintiff and the other members of the Class (as defined below).

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                    4

## CLASS ALLEGATIONS

18.     Plaintiff brings this action pursuant to Vermont Rule of Civil Procedure 23, on behalf of himself and all other stockholders of the Company and their successors in interest, who are or will be threatened with injury arising from defendants' actions as more fully described herein (the "Class"). Excluded from the Class are the defendants herein, members of their immediate families, and any subsidiary, firm, trust, corporation, or other entity related to or affiliated with any of the defendants.

19.     This action is properly maintainable as a class action for the following reasons:

(a)     the Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, as of March 20, 2010, there were 4,677,467 shares of Class A common stock outstanding and 2,738,596 shares of Class B common stock outstanding, estimated to be held by hundreds, if not thousands of shareholders. The holders of these shares are believed to be geographically dispersed throughout the United States. ROAC common stock is listed and actively traded on the NASDAQ Global Market exchange;

(b)     there are questions of law and fact which are common to members of the Class and which predominate over any questions affecting only individual members. The common questions include, inter alia, the following:

(i)     whether defendants have engaged and are continuing to engage in a plan and scheme to benefit Kurt Swenson, Labonte, Kimball, Waite and others at the expense of the members of the Class;

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                                        5

(ii) whether the Individual Defendants, as directors and/or officers of the Company and/or as significant shareholders of the Company, have breached their fiduciary duties owed to Plaintiff and the other members of the Class, including their duties of entire fairness, loyalty, due care, and candor;

(iii) whether defendants have disclosed all material facts in connection with the challenged transaction; and

(iv) whether Plaintiff and the other members of the Class would be irreparably damaged were defendants not enjoined from the conduct described herein;

(c) the claims of Plaintiff are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the Class; and

(d) Plaintiff is committed to prosecuting this action and has retained counsel competent and experienced in litigation of this nature. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

## BACKGROUND AND SUBSTANTIVE ALLEGATIONS

20. ROAC is a Vermont corporation founded in 1885 and is an integrated granite quarrier and manufacturer whose principal product is granite memorials used primarily in cemeteries.

21. The Company went public in an initial public offering in 1997 at $18.50 per share. According to its 10-K for the period ended March 31, 2010, in 2007 the Board determined "to exit the retail business, to simplify and reduce the cost of the existing

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                                    6

management infrastructure, and to focus on [the] core quarrying and manufacturing business, including [the] wholesale memorial distribution system."

22. On December 8, 2009, the Company completed the change in its state of incorporation from Delaware to Vermont.

23. On May 7, 2010, ROAC announced that its Board had received an unsolicited proposal from Swenson Granite Company, LLC., led by Chairman Kurt M. Swenson, his brother, Kevin Swenson, and Swenson President and CEO, Robert Pope, to purchase all outstanding shares of common stock "including shares underlying vested options, of ROAC, for a purchase price of $4.38 per share in cash."

24. Along with the announcement of the Proposed Transaction, it was disclosed that Swenson "envision[s] making relatively minimal changes to the operations and employees of [ROAC] following the closing of the proposed transaction," and further that Swenson intends "to offer Donald Labonte the opportunity to buy shares of Swenson Granite as has been the case with other key officers of Swenson Granite."

25. Further, unlike Plaintiff and the members of the Class who would not be given the opportunity to participate in the Proposed Transaction and would only receive a fraction of their shares' value by the Proposed Buyout, "[i]n order to facilitate the financing of the proposed transaction by Swenson Granite, holders of the Class B Common Stock of ROAC who are existing shareholders of Swenson Granite or lineal descendents of existing shareholders who under Swenson Granite's bylaws are entitled to receive Swenson Granite shares free of any right of first refusal by Swenson Granite, will be offered the opportunity to exchange their Class B shares of ROAC for Swenson Granite shares or to receive the $4.38 cash price."

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                    7

26. According to the May 7, 2010 ROAC press release announcing the Proposed Transaction, Kurt Swenson, Kevin Swenson and Robert Pope own "approximately 29% of all outstanding shares of common stock of Rock of Ages, and control approximately 70% of the voting power of all outstanding capital stock of Rock of Ages."

27. In its press release announcing the Proposed Transaction, ROAC noted that the proposal states that Swenson seeks to structure the transaction so that the value of ROAC assets can be "stepped up" to fair market value to the extent possible under the Internal Revenue Code, but that "there can be no assurance as to whether such a step-up can be achieved. Accordingly, [ROAC's Board] cautions investors that an inability to achieve such a step-up could result in a reduction of Swenson's proposed $4.38 per share price."

28. The Company also announced that its Board had formed a Special Committee of "independent" directors to consider the Proposed Transaction.

29. The Proposed Transaction will enable Defendants Kurt Swenson, Kimball and Wait as well as other Individual Defendants who will retain an interest in Swenson and/or their jobs, to reap substantial profits for their own benefit at the expense and to the detriment of the public stockholders of ROAC.

30. The independence of Individual Defendants Kimball and Waite has been compromised as a result of their involvement in the Proposed Transaction.

31. The independence of Individual Defendants Labonte and Plude has been compromised as a result of the agreement to retain the current senior management after completion of the Proposed Transaction.

32. The Proposed Transaction is the product of unfair dealing, and the Buyout Price offered to Class members is unconscionable and unfair and so grossly inadequate as to

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2

8

constitute a gross breach of trust committed by the management defendants participating in the Proposed Transaction against the public stockholders because, among other things:

(a)     The Company's intrinsic value is significantly greater than the Buyout Price. For instance, at the end of the second quarter of 2005, ROAC adjusted its valuation allowance against the deferred tax assets to fully reserve for the entire net U.S. deferred tax asset. Since then, the Company has continued to fully reserve for the entire net U.S. deferred tax asset, which would result in a significant advantage to Swenson, and is not reflected in the Buyout Price.

(b)     Further, on March 16, 2010, ROAC announced financial results for the fourth quarter and 2009, "highlighted by a return to profitability for the quarter and year versus losses for the prior year periods, an increase in cash generated from operations to approximately $10,800,000 for 2009, compared to about $2,300,000 for 2008, and the reduction of total debt by an additional $7,500,000 in 2009..." Commenting on the news, Defendant Labonte stated:

> "Demand for our stone remains extremely high in our key export markets; we simply did not have enough of the desired inventory to satisfy it. We are taking steps to rectify this situation. During the fourth quarter, we launched a development program in new areas in our Barre, Bethel and White Gardenia quarries in order to increase production and decrease unit costs beginning in 2010."
>
> "Also encouraging was the improved performance of our manufacturing segment in the fourth quarter of 2009. Revenue was flat with the prior year level, following negative revenue comparisons in each of the first three quarters, and operating income increased 15% reflecting improved fourth quarter sales from our authorized dealers and mausoleums."
>
> "We are optimistic that we can grow both our quarry and manufacturing segments in 2010, even as we maintain tight control over operating costs and continuing deleveraging our balance sheet."

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                                                        9

(c) Moreover, on Tuesday, May 11, 2010, the Company announced earnings, for the first quarter 2010, including the announcement that the net loss for the first quarter of 2010 narrowed to $2,092,000, or $.28 per share, compared to a net loss of $2,774,000, or $.37 per share, for the first quarter of 2009. Further, revenue increased 26% to $7,511,000 from $5,938,000 for the first quarter of last year. Defendant Labonte stated:

> "We have always reported a loss in the first quarter due to the seasonal nature of our business. This year's sharply reduced first quarter loss was primarily the result of the substantially improved performance of our manufacturing operations, as well as continued reductions in overhead costs."

(d) The May 11, 2010 earnings release also announced that manufacturing revenue for the first quarter of 2010 was up 38% to $3,889,000 compared to $2,814,000 for the first quarter of 2009, as sales of monuments and industrial products both increased. The operating loss in the manufacturing segment decreased to $484,000 from $864,000 a year ago, reflecting the higher revenue and cost saving steps initiated last year. "Based on current trends, we are optimistic regarding the performance of our manufacturing operations for 2010 as a whole," Labonte said.

(e) Further, quarry revenue for the three months ended April 3, 2010 increased 16% to $3,622,000 compared to $3,124,000 for the first quarter of 2009, primarily the result of higher shipments from the Company's export quarries. Labonte stated that "[d]emand for our export granite in particular remains strong, and we expect it to remain strong throughout the year. ... The development program in our quarries we launched last year is on schedule, and we expect to produce and deliver increased quantities of saleable granite throughout the rest of the year."

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                10

(f) Also, according to *The Barre-Montpelier Times Argus*, ROAC recently obtained a contract with the Army Corps of Engineers to ship 54,000 tons of waste granite for a dike system in Florida.

33. The Individual Defendants, including Kurt Swenson, and other members of the Swenson Group, are in possession of non-public information concerning the financial condition and prospects of ROAC, and especially the true value and expected increased future value of ROAC and its assets, which they have not disclosed to ROAC's public stockholders. The Individual Defendants, who constitute ROAC's Board, are familiar with the Company's future prospects but have not disclosed the Company's true future potential in order to place an artificial cap on the Buyout Price.

34. By virtue of the foregoing, the Individual Defendants have participated, and/or reasonably expect to participate as a result of their relationships with Kurt Swenson and/or the Company, in unfair business practices and self-dealing toward Plaintiff and other members of the Class and have engaged in and substantially assisted and aided each other in breach of the fiduciary duties owed by them to the Class.

35. The Proposed Transaction is wrongful, unfair and harmful to ROAC's public stockholders, and represents an effort by certain of the defendants to aggrandize the financial position and interests of Defendant Swenson and those Individual Defendants who will maintain an interest in Swenson, or otherwise retain their jobs, following the Proposed Transaction, at the expense and to the detriment of Class members. The Transaction is an attempt to deny Plaintiff and the other members of the Class their right to share proportionately in the true value of ROAC, while usurping the same for the benefit of Kurt Swenson and those

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2

11

interested Individual Defendants who will maintain an interest in Swenson on unfair and inadequate terms.

36. The Individual Defendants, in failing to disclose the material non-public information in their possession as to the value of ROAC, the full extent of the future earnings potential of ROAC and its expected increase in profitability, have breached and are breaching their fiduciary duties to the members of the Class.

37. The Individual Defendants' conduct constitutes violations of their fiduciary duties owing to the Class. The Proposed Transaction is also coercive to the extent that the public shareholders of ROAC have no hope that another bidder might arise with a superior proposal because of the Swenson Group's voting control over the Company. This control makes it impossible for another bidder to acquire the Company without the Swenson Group's express approval.

38. As a result of defendants' unlawful actions, Plaintiff and the other members of the Class will be damaged in that they will not receive their fair portion of the value of ROAC and will be prevented from obtaining the real value of their equity ownership of the Company.

39. Unless the Proposed Transaction is enjoined by the Court, defendants will continue to breach their fiduciary duties owed to the Plaintiff and the members of the Class, and will consummate and close the Proposed Transaction complained of and succeed in their plan described above, all to the irreparable harm of the members of the Class.

40. By reason of the foregoing, each member of the Class has suffered damages.

41. Plaintiff and the other members of the Class have no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                                                12

(a) declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class;

(b) ordering defendants to carry out their fiduciary duties to Plaintiff and the other members of the Class, including those duties of care, loyalty, candor and fair dealing;

(c) declaring that the defendants have committed a gross abuse of trust and have breached and are breaching their fiduciary and other duties to Plaintiff and members of the Class;

(d) granting preliminary and permanent injunctive relief against the consummation of the Proposed Transaction as described herein;

(e) in the event the Proposed Transaction is consummated, rescinding the Proposed Transaction effected by defendants and/or awarding rescissory damages to the Class;

(f) ordering defendants, jointly and severally, to account to Plaintiff and other members of the Class for all damages suffered and to be suffered by them as the result of the acts and transactions alleged herein, together with prejudgment interest at the maximum rate allowable by law;

(g) awarding Plaintiff the costs and disbursements of the action including allowances for Plaintiff's reasonable attorneys' and experts' fees; and

(h) granting such other and further relief as the Court may deem just and proper.

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2                                13

Dated at Montpelier, Vermont, this 19th day of May, 2010.

             TARRANT, GILLIES, MERRIMAN
             & RICHARDSON

BY: _____
    Daniel P. Richardson
    44 East State Street
    P.O. Box 1440
    Montpelier, Vermont 05601-1440
    (T): (802) 223-1112
    (F): (802) 223-6225

    Attorneys for Plaintiff

OF COUNSEL:

WOLF POPPER LLP
845 Third Avenue
New York, New York 10022
(212) 759-4600

TARRANT, GILLIES,
MERRIMAN & RICHARDSON
44 EAST STATE STREET
P.O. BOX 1440
MONTPELIER, VERMONT
05601-1440

167622-2        14