UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TODD SEMON, on behalf of himself, and all      :
others similarly situated,
                                               :
                    Plaintiff,                 Civil Action
                                               : No. 5:10-cv-00143-CR
        v.
                                               :
ROCK OF AGES CORPORATION,
SWENSON GRANITE COMPANY, LLC,                  :
KURT M. SWENSON, JAMES L. FOX,
RICHARD C. KIMBALL, DONALD                     :
LABONTE, LAURA A. PLUDE, PAMELA G.
SHEIFFER, CHARLES M. WAITE, and                :
FREDERICK E. WEBSTER, JR.,
                                               :
                    Defendants.
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**THE COMMITTEE DEFENDANTS' OPPOSITION
TO MOTION TO STAY BRIEFING ON MOTION TO DISMISS**

NOW COME defendants James L. Fox, Pamela G. Sheiffer and Frederick E. Webster, Jr. (the "Committee Defendants"), by and through their attorneys, Dinse, Knapp & McAndrew, P.C., and oppose Plaintiff's Expedited Motion To Stay The Briefing On Committee Defendants' Motion To Dismiss Pending A Ruling On Plaintiff's Motion For Remand (Docket No. 24).  In support of this Opposition, the Committee Defendants state that Plaintiff's motion should be denied, because the Committee Defendants' Motion to Dismiss and Plaintiff's Motion to Remand both concern the same threshold jurisdictional issue -- whether the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb et seq., precludes Plaintiff's claims -- and it would be most efficient for the Court to determine those overlapping motions in a single hearing based on a single round of briefing.

## MEMORANDUM

Plaintiff has brought this putative class action on behalf of himself and Rock of Ages Corporation ("ROAC") shareholders, alleging that Defendants have breached their fiduciary duties with respect to a proposal by Swenson Granite Company, LLC to purchase all outstanding ROAC stock.  Plaintiff brings this suit despite the fact that the proposed transaction has not occurred and may never occur.  Indeed, there is not even an agreement providing for such a transaction, nor has any such transaction been authorized by ROAC's Board of Directors or any committee thereof.

Upon removal from state court, Defendants promptly moved to dismiss on the grounds that this premature action is precluded under SLUSA, which provides for immediate dismissal.  Plaintiff thereafter moved to remand.  Plaintiff has brought the instant motion seeking to avoid responding to the pending Motion to Dismiss until after the remand motion is decided.

The Committee Defendants do not dispute Plaintiff's assertion (Pl. Br. 2-3) that subject-matter jurisdiction is a threshold issue that this Court must address before reaching the merits.  However, they respectfully submit that since a determination that SLUSA applies would be dispositive, there is nothing to be gained and much to be lost in terms of efficiency in hearing the motions separately and in delaying Plaintiff's response to the pending Motion to Dismiss.[1]

## BACKGROUND

Plaintiff filed this putative class action on May 19, 2010 in Washington County.  On June 14, 2010, Defendants timely removed the case to federal court pursuant to SLUSA or, in

---

[1]  The Committee Defendants respectfully request oral argument on the Motion to Dismiss and Motion to Remand, whether they are heard separately or together.

the alternative, pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, codified at 28 U.S.C. § 1332(d).  See Notice of Removal (Docket No. 1).

On June 21, 2010, the Committee Defendants moved to dismiss the Complaint in its entirety (the "Motion to Dismiss", Docket No. 10), and each of the other Defendants filed motions to dismiss joining in the Committee Defendants' motion.  The Motion to Dismiss demonstrates, inter alia, why SLUSA applies to Plaintiff's claims, and that, as a result, dismissal is appropriate.[2]  On June 23, 2010, Plaintiff moved to remand, arguing that SLUSA has no application to this purported class action.

## ARGUMENT

**I.     IN SLUSA CASES, COURTS TYPICALLY DETERMINE MOTIONS TO REMAND AND DISMISS SIMULTANEOUSLY, SINCE BOTH CONCERN THE SAME THRESHOLD, JURISDICTIONAL QUESTION**

Plaintiff argues that "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case."  (Pl. Br. 2.)  In support of this proposition, Plaintiff cites seven cases having nothing to do with SLUSA.  Those cases are inapposite, because once the court determines that an action "falls within the scope of SLUSA . . . SLUSA requires that [the] [c]ourt . . . dismiss it."  Cinicolo v. Morgan Stanley Dean Witter & Co., No. 01 Civ. 6940 (GBD), 2004 WL 2848542, *6 (S.D.N.Y. Dec. 9, 2004) (emphasis added) (denying motion to remand and granting motion to dismiss).

In cases that do concern SLUSA, courts routinely decide whether a case should be remanded or dismissed at once, without resorting to the inefficient multi-step process suggested

---

[2]     The Motion to Dismiss also argues that since Plaintiff challenges a proposed transaction that has not occurred, been approved or been agreed to, Plaintiff has suffered no injury, and therefore his claims are not ripe and he lacks standing.

by Plaintiff.  For instance, in Fisher, the court determined that "removal was appropriate pursuant to the SLUSA and the complaint must now be dismissed."  Fisher v. Kanas, 487 F. Supp. 2d 270, 281 (E.D.N.Y. 2007), aff'd 288 Fed. Appx. 721 (2d Cir. 2008).  See also Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 110 (2d Cir. 2001) (because case was properly removed, "the text of SLUSA calls for dismissal of the action"); Hardy v. Merrill Lynch, Pierce, Fenner & Smith, 189 F. Supp. 2d 14, 16 (S.D.N.Y. 2001) (on cross-motions for remand and dismissal, dismissing under SLUSA); Cinicolo, 2004 WL 2848542, at *6 (same).

The Committee Defendants do not dispute that "jurisdiction should be established as a threshold matter."  (Pl. Br. 3 (quoting Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).)  However, in light of the fact that a finding that removal under SLUSA was proper necessarily leads to the conclusion that Plaintiff's Complaint should be dismissed, the motions could be resolved in a single hearing based on timely submissions by the parties.  The Court could first determine whether Plaintiff's claims are precluded under SLUSA, and then, based on that determination, either rule on the Motion to Dismiss or decline to do so and remand this case to state court.  Plaintiff's suggestion that "justice and judicial economy" (Pl. Br. 2) would be better served by engaging in separate rounds of briefing and two hearings to determine what, as a practical matter, is a single issue is incorrect.

**II.   PLAINTIFF WOULD NOT BE PREJUDICED BY HAVING
       TO RESPOND NOW TO DEFENDANTS' ALTERNATIVE BASIS
       FOR DISMISSAL:  THAT PLAINTIFF LACKS ANY COGNIZABLE INJURY**

It would also not be unfair for Plaintiff to timely respond to the Committee Defendants' alternative grounds for dismissal, i.e., that Plaintiff has failed to allege any legally cognizable injury.  As set forth in the Motion to Dismiss (at 11-12), Plaintiff attempts to establish injury based on a proposed transaction that has not occurred and as to which there is not even an agreement, and his claims fail under the ripeness doctrine.  See Brown v. Ferro Corp., 763 F.2d

798, 802 (6th Cir. 1985) (dismissing stockholder challenge to agreements providing for "change of control" compensation for officers where there was no change of control, because "it is still unclear how these events will play out, and . . . judicial intervention at this time would be premature, as this case is not ripe for decision").  The Motion to Dismiss also establishes (at 12-14) that Plaintiff's claims fail for the independent reason that he lacks standing, due to his failure to allege any present or imminent harm.  See Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90, 2001 WL 1220524, at *3 (2d Cir. Oct. 11, 2001) (affirming dismissal because claims of injury were "conclusory," holding "[t]he tenuous causal chain laid out by [defendant] is constitutionally insufficient to ground standing").  Even if this case were remanded and Plaintiff had to respond to a motion to dismiss in state court, the fundamental issues of ripeness and standing will not be materially different under state law.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Expedited Motion To Stay The Briefing On Committee Defendants' Motion To Dismiss Pending A Ruling On Plaintiff's Motion For Remand should be denied.

Dated:   June 30, 2010
          Burlington, Vermont

James R. Carroll (admitted pro hac vice)
Nicholas I. Leitzes (admitted pro hac vice)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts  02108
(617) 573-4800
jcarroll@skadden.com
nleitzes@skadden.com

Respectfully submitted,

 /s/  Samuel Hoar, Jr.
Samuel Hoar, Jr.
DINSE, KNAPP AND
    MCANDREW, P.C.
P.O. Box 988
209 Battery Street
Burlington, Vermont 05402-0988
(802) 864-5751
shoar@dinse.com

Counsel for Defendants
James L. Fox, Pamela G. Sheiffer
and Frederick E. Webster, Jr.

**CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that the following counsel of record will be served by the ECF system:

James W. Spink
SPINK & MILLER, PLC
One Lawson Lane
Burlington, Vermont 05401
(802) 864-1100
jspink@spinkmiller.com

Counsel for Defendants
Rock of Ages Corporation and Laura Plude

Sean M. Gorman
SHEEHAN, PHINNEY,
   BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
sgorman@sheehan.com

Counsel for Defendant
Swenson Granite Company, LLC

Walter E. Judge Jr.
DOWNS, RACHLIN &
   MARTIN, PLLC
Courthouse Plaza
199 Main Street
P.O. Box 190
Burlington, VT 05402-0190
(802) 863-2375
wjudge@drm.com

Counsel for Defendants
Kurt Swenson, Donald LaBonte,
Richard Kimball, and Charles Waite

       I further certify that on June 30, 2010, I served a copy of the foregoing document on the following counsel of record by first class mail, postage prepaid:

Alan L. Reische (pro hac vice
   motion to be filed)
Edward A. Haffer (admitted pro hac vice)
SHEEHAN, PHINNEY,
   BASS + GREEN, P.A.
1000 Elm Street, 17th Floor
Manchester, NH 03101
(603) 668-0300
areische@sheehan.com
ehaffer@sheehan.com

Counsel for Defendant
Swenson Granite Company, LLC

Wilbur A. Glahn III (admitted pro hac vice)
MCLANE, GRAF, RAULERSON &
   MIDDLETON, P.A.
900 Elm Street
P.O. Box 326
Manchester, NH  03105
(603) 625-6464
bill.glahn@mclane.com

Counsel for Defendants
Rock of Ages Corporation and Laura Plude

Daniel P. Richardson, Esq.
TARRANT, GILLES, MERRIMAN &
   RICHARDSON
44 East State Street
P. O. Box 1440
Montpelier, VT 05601-1440

Counsel for Plaintiff

Dated: June 30, 2010                                                   /s/  Samuel Hoar, Jr.
                                                                               Samuel Hoar, Jr.