UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2013 JAN -7 AM 11: 16
CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| TODD SEMON and JEROME MEISTER, on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KURT M. SWENSON, JAMES L. FOX, RICHARD C. KIMBALL, DONALD LABONTE, PAMELA G. SHEIFFER, and FREDERICK E. WEBSTER, JR. <br><br> Defendants. | Case No. 5:10-cv-00143-cr |

### AMENDED PRELIMINARY APPROVAL AND SCHEDULING ORDER

Plaintiff Jerome Meister ("Plaintiff"), and defendants Kurt M. Swenson, James L. Fox, Richard C. Kimball, Donald Labonte, Pamela G. Sheiffer, and Frederick E. Webster, Jr. ("Defendants"), having applied pursuant to Federal Rule of Civil Procedure ("Rule") 23(e) for an order approving the proposed settlement of the above-captioned class action (the "Action") and determining certain matters in connection with the proposed settlement of the Action (the "Settlement") and for dismissal of the Action with prejudice, in accordance with the terms and conditions of the Stipulation And Agreement Of Settlement And Release entered into by the parties to the Action (the "Parties") and dated December 6, 2012 (the "Stipulation"),

NOW, THEREFORE, IT IS HEREBY ORDERED this 4th day of January, 2013, that:

1. Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. The proposed Settlement is preliminarily approved, falls within the range of possible approval as fair, adequate, and reasonable, and is the product of arm's-length and informed negotiations.

3. "Preliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980)). Preliminary approval "is appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies ..., and where the settlement appears to fall within the range of possible approval." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006) (citations omitted).

4. Here, the parties represent that they have engaged in arm's length negotiations between experienced counsel after a comprehensive examination of the facts, with the assistance of an experienced mediator, and with an informed and reasonable assessment of the risks and benefits of further litigation. Stipulation ¶¶ Z, BB, DD, FF. The Settlement therefore "appears to be the product of serious, informed, non-collusive negotiations." *MCL* § 30.41 (3d ed. 1995).

5. The Settlement provides a cash benefit to the Class. Stipulation ¶¶ 1. Defendants will assume administrative responsibility for, and will pay all reasonable costs and expenses related to, preparing and disseminating the Notice to the members of the Class. Stipulation ¶¶ 1, 12.

2

6. No aspects of the Settlement constitute grounds for finding unfairness. Thus, preliminary approval is appropriate for the Settlement.

7. For the purpose of settlement only, and pending the Settlement Hearing (defined below), the Action is provisionally certified as a class action pursuant to Rules 23(a) and 23(b)(3) on behalf of any and all persons or entities who held shares of Rock of Ages Corporation ("ROAC" or the "Company") common stock, either of record or beneficially, at any time during the period beginning on and including May 7, 2010, through and including January 19, 2011 (the "Class Period"), including any and all of their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, except for Excluded Shareholders, defined below (the "Class").[1]

8. Excluded from the Class are (i) the Original Defendants; (ii) immediate family members of any Original Defendant; (iii) any entity in which an Original Defendant has or had a controlling interest; (iv) any person or entity who held shares of ROAC common stock as of the Record Date and had the option to exchange their shares of ROAC common stock for membership interest in Swenson Granite in lieu of receiving Merger Consideration; (v) the two former ROAC shareholders, Lance Gad and Ethan Starr, who sought the remedy of appraisal pursuant to Chapter 13 of the Vermont Business Corporation Act (the "Dissenting Shareholders"); and (vi) Class members who timely opt out of the Settlement pursuant to the procedures set forth in the Notice (collectively, "Excluded Shareholders").

---

[1] As set forth in the Stipulation, the Class Period extends between the May 7, 2010 date of the public announcement of Swenson Granite's initial offer to acquire the outstanding stock of ROAC, and the January 19, 2011 date of the closing of the Merger (the "Record Date").

9. The Court finds that, for the sole purpose of preliminary approval and without an adjudication on the merits, all requirements pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met for certification of the Class.

10. As set forth in Plaintiffs' Memorandum in Support of Entry of an Order (i) Preliminarily Approving the Settlement, (ii) Preliminarily Certifying the Class for Purposes of Settlement, (iii) Approving Notice to the Class, and (iv) Scheduling a Final Approval Hearing (Dkt. No. 177), all four Rule 23(a) requirements – numerosity, commonality, typicality, and adequacy – are satisfied here:

11. Numerosity. In determining whether a class is so numerous that joinder of all class members is impracticable, joinder is "generally presumed to be impracticable when a putative class exceeds 40 members." *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 90 (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cit. 1997)). Here, the proposed settlement class consists of all persons or entities who held shares of ROAC common stock, either of record or beneficially, at any time during the period beginning on and including May 7, 2010, through and including January 19, 2011 (subject to the restrictions on Excluded Shareholders). According to ROAC's Proxy Statement filed on December 16, 2010, "[a]s of the close of business on the record date (December 14, 2010), there were 4,812,342 shares of Class A common stock issued and outstanding held by approximately 201 holders of record." There were also 2,603,721 Class B shares. (Proxy at 72.) The number of class members coupled with their widely-dispersed locations makes joinder impracticable and class treatment appropriate. For purposes of preliminary approval, the requirement of numerosity has thus been satisfied.

12. Commonality. The commonality requirement of Rule 23(a) is met if the claims involve questions of law or fact that are common to the class. As this Court has held,

4

"[c]ommonality requires the existence of questions of law or fact common to the class. It is 'not a demanding standard, as it is established so long as the plaintiffs can identify some unifying thread among the [class] members' claims.'" *Davis v. Central Vermont Public Serv. Corp.*, No. 5:11-cv-181, 2012 WL 1202135, at *4 (D. Vt. April 10, 2010) (quoting *Menkes*, 270 F.R.D. at 90) (citation omitted)). This Court has further held that "class members' 'claims must depend upon a common contention ... of such a nature that it is capable of class-wide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* (quoting *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011)). The commonality requirement under Rule 23(a)(2) is satisfied here, as this action involves numerous common issues of fact and law, all of which are amenable to class-wide proof, including, those set forth by Plaintiffs: (i) whether officers of a Vermont corporation owe fiduciary duties to the corporation's shareholders; (ii) whether the sale process leading to the Merger was fair; (iii) whether the Merger price was fair; (iv) whether the Individual Defendants, as directors and/or officers of the Company and/or as significant shareholders of the Company, have breached fiduciary duties owed to Plaintiffs and the other members of the Class, including their duties of loyalty, due care, and candor; (v) whether Plaintiffs and the other members of the Class were damaged by the conduct described in the Complaint; and (vi) if so, what is the proper measure of damages. Here, Plaintiffs allege that all Class members were similarly injured by Defendants' breaches of fiduciary duties because, as a consequence of those breaches, the Class members were deprived of the ability to obtain a fair price for their shares. Therefore, as Plaintiffs' claims arise out of the same nucleus of operative facts and are based on a common legal theory, for purposes of preliminary approval, the requirement of commonality has been satisfied.

13. Typicality. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is established where "'each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'" *Davis*, 2012 WL 1202135, at *5 (quoting *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009)). Plaintiffs' claims are typical of the claims of other Class members because they allege their losses all derive from the same course of Defendants' conduct. "In other words, a class member who sought to assert the same or similar claims to those alleged by Plaintiff would need to make the same or similar legal arguments to establish Defendants' liability. For purposes of preliminary approval, the requirement of typicality has thus been satisfied." *Davis*, 2012 WL 1202135, at *5.

14. Adequacy. To ensure adequacy, a court determines whether "(1) the class representative's interests are not antagonistic to other class members and the class representative's character assures a vigorous prosecution; and (2) the class representative's counsel possesses the competence to undertake the litigation." *In re Playmobil Antitrust Litig.*, 3 F. Supp. 2d 231, 241 (E.D.N.Y. 1998) (citations omitted). This inquiry focuses on uncovering "'conflicts of interest between named parties and the class they seek to represent.'" *Davis*, 2012 WL 1202135, at *5 (quoting *Flag*, 574 F.3d at 35) (citations omitted). "'Only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.'" *Id.* (quoting *Dziennik v. Sealift, Inc.*, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (internal quotation marks and citation omitted)). At this juncture, it appears that Plaintiff Meister, as the proposed Class representative, shares the same interests as the members of the proposed Class and has demonstrated a willingness to vigorously pursue this litigation. *See*

Affidavit of Chet B. Waldman, Esq. in Support of Reply in Further Support of Motion to Certify Class (Dkt. No 173).

15. As to whether Plaintiffs' proposed counsel possesses the competence to undertake the litigation, Plaintiffs' Counsel, Wolf Popper LLP, and Tarrant, Gillies, Merriman & Richardson, have represented that they have extensive experience and expertise in complex securities litigation and class action proceedings throughout the United States, and are qualified and able to conduct this litigation. *See* Plaintffs' Mem. in Support of Class Certification (Dkt No. 145) and Waldman Aff. Exhibits C and D. Thus, for purposes of preliminary approval, the requirement of adequacy has been satisfied.

16. Further, as set forth in Plaintiffs' submissions, the requirements of Rule 23(b)(3) are satisfied for the purposes of preliminary approval.

17. Common Questions Predominate. Rule 23(b)(3)'s predominance requirement is met "'when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position.'" *Davis*, 2012 WL 1202135, at *5 (quoting *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001)). There are questions of law and fact common to the members of the Class that Plaintiff Meister seeks to represent, namely, questions surrounding Defendants' alleged breaches of fiduciary duties and the appropriate amount of damages. The critical issues of fact and law raised in this Action are common to all members of the Class and will predominate in this case. Thus, for purposes of preliminary approval, the requirement of predominance is satisfied.

18. Rule 23(b)(3) sets forth the following non-exhaustive factors to be considered in making a determination of whether class certification is the superior method of

7

litigation: "(A) the class members' interests in individually controlling the prosecution...of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by ... class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

19. Here, the scope and complexity of this Action would make individual litigation difficult for the vast majority of Class members. Separate actions would also "risk disparate results among those seeking redress, [] encourage a race to judgment given the limited funds available to fund recovery here, [] exponentially increase the costs of litigation for all, and [] be a particularly inefficient use of judicial resources." *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 133 (S.D.N.Y. 2001) (footnote omitted). Apart from the two Dissenting Shareholders who filed the Appraisal Action (which is unaffected by the Settlement) there is no indication that Class members are interested in individually controlling the prosecution of separate actions against Defendants. Indeed, while one other plaintiff shareholder filed a case in this court, that plaintiff voluntarily dismissed that action. *The Vladimir Gusinsky Revocable Trust v. Rock of Ages Corp., et al.*, 5:10-cv-00262-cr (D. Vt.).

20. The third superiority factor considers "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Civ. P. 23(b)(3)(C). For a number of reasons, this litigation should continue to proceed in the District of Vermont. First, litigating this dispute in one forum – rather than in numerous courts throughout the country – is the most efficient method of resolving these claims. Second, this Court has presided over this Action for more than two years and is already deeply involved in the legal issues and the factual circumstances, having written an opinion on Defendants' motions to dismiss. Third, all Defendants are subject to the Court's personal jurisdiction.

21. The final factor asks the Court to consider "the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(D). The Court need not address this factor. The Supreme Court has explained that when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems for the proposal is that there be no trial." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (U.S. 1997); *In re Am. Int'l Grp. Inc.*, 689 F.3d 229 at 239 (internal citation omitted). Accordingly, for the purposes of preliminary approval, the requirements of Rule 23(b)(3) are satisfied.

22. For purposes of the Settlement only, and pending the Settlement Hearing, Plaintiff Jerome Meister shall be certified as the representative of the Class. Wolf Popper LLP shall be provisionally certified as Plaintiffs' Lead Counsel pursuant to Rule 23(g); and Tarrant, Gillies, Merriman & Richardson shall be provisionally certified as Plaintiffs' Liaison Counsel.

23. A hearing (the "Settlement Hearing") shall be held on Monday, March 11, 2013 at 1:00 p.m., at the United States District Court for the District of Vermont Courthouse, 151 West Street, Rutland, Vermont 05701, to:

    a. determine whether the provisional class action certification herein should be made final;

    b. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    c. determine whether an Order And Final Judgment should be entered pursuant to the Stipulation;

    d. consider Plaintiffs' counsels' application for an award of attorneys' fees and expenses;

   e. consider Plaintiff's application for the Plaintiff's Award; and

   f. rule on such other matters as the Court may deem appropriate.

  24. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of Plaintiff's application for an award of attorneys' fees and expenses and the Plaintiff's Award, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof, and retains jurisdiction over this Action to consider all further applications arising out of or connected with the proposed Settlement.

  25. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties and without further notice to the Class.

  26. The Court approves, in form and substance, the Notice substantially in the form attached to the Stipulation as Exhibit B and the Summary Notice (defined below) substantially in the form attached to the Stipulation as Exhibit C. The Court finds that the mailing and publication of the Notice in the manner set forth in this Order meets the requirements of Rule 23 and of due process.

  27. Within twenty-one (21) days after the date of entry of this Order, Defendants shall cause, through Rust Consulting, Inc., P.O. Box 2888, Faribault, MN 55021-8688 ("Rust"), the Notice to be mailed by United States mail, postage pre-paid, to all known Class members and all brokerage firms, banks, and/or other persons or entities who held shares of ROAC common stock in record for the benefit of Class members ("Record Holders") at their last known address appearing in the stock transfer records maintained by or on behalf of ROAC. All Record Holders shall be directed in the Notice to forward the Notice to such beneficial

owners of those shares ("Beneficial Owners"). Defendants shall use reasonable efforts to facilitate providing the Notice to Beneficial Owners by also, through Rust, (a) making additional copies of the Notice available to any Record Holder who requests the same for distribution to Beneficial Owners, (b) mailing additional copies of the Notice to Beneficial Owners whose names and addresses ROAC receives from Record Holders, and (c) upon request and with reasonable proof, reimbursing the Record Holders who sent copies of the Notice to Beneficial Owners for their reasonable expenses incurred for postage. Moreover, within twenty-one (21) days after the date of this Order, Defendants shall cause a summary notice to be published in Investor's Business Daily and in a press release, substantially in the form attached as Exhibit C to the Stipulation (the "Summary Notice").

28. Counsel for Defendants shall, at least fourteen (14) days before the Settlement Hearing, file with the Court proof of mailing of the Notice to the Class and of publication of the Summary Notice.

29. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court so as to avoid expenditure of unnecessary judicial and party resources, and so as to preserve the status quo until the Settlement Hearing. Pending final determination of whether the Settlement should be approved, Plaintiff and all Releasing Persons are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against Defendants or any of the Released Persons. This provision shall not apply to the Appraisal Action.

30. Class members may exclude themselves from the Class. Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. Any request for exclusion ("Request for Exclusion") must be in the form of a written, signed statement that clearly states: "I wish to be excluded from the ROAC class," or similar words, and includes the following information: (a) the Class member's name, address, telephone number, fax number (if available), and e-mail address (if available); (b) the name of this Action; (c) the number of ROAC shares the shareholder held during the Class Period, along with proof of such ownership; and (d) if the Class member is requesting exclusion on behalf of an entity, trust or the like, a statement of the Class member's position, as well as an explanation of the Class member's authority to act on behalf of that entity, trust or the like and proof of that authority. The Request for Exclusion must be mailed and postmarked no later than February 19, 2013 (twenty (20) days before the Settlement Hearing) to the following address:

Rock of Ages Corporation Settlement
c/o Rust Consulting, Inc.
P.O. Box 2888
Faribault, MN 55021-8688
Info@RockofAgesCorporationSettlement.com

31. Any Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the Court. The Class will not include those individuals who file and serve a timely Request for Exclusion, and such individuals are not entitled to any monetary award under the Settlement or Stipulation, and shall not participate in the Settlement. At or before the Settlement Hearing, Defendants shall file all Requests for Exclusion with the Court.

32. Any member of the Class who does not opt out and who objects to the Settlement, the Plaintiff's Award and/or the fees or expenses sought by Plaintiffs' counsel, or who otherwise wishes to be heard, may appear in person or by counsel (at the Class member's expense) at the Settlement Hearing and present evidence or argument that may be proper and relevant. In order to object, a Class member must send a personally signed letter that includes the following information: (a) the Class member's name, address, telephone number, fax number (if available), and e-mail address (if available); (b) the name of this Action; (c) the number of ROAC shares the Class member held during the Class Period, along with proof of such ownership; (d) a statement of objections to the Settlement, Plaintiff's Award and/or the fees or expenses sought by Plaintiffs' counsel, which includes the specific grounds for the objections and the reasons that the Class member desires to appear and be heard; (e) all documents or writings the Class member desires the Court to consider; and (f) if the Class member wants to address the Court at the Settlement Hearing, a written notice of intention to appear. The objection must be mailed and postmarked no later than February 19, 2013 (twenty (20) days before the Settlement Hearing) to each of the following counsel of record:

| | |
|---|---|
| Daniel P. Richardson<br>TARRANT, GILLIES, MERRIMAN<br>   & RICHARDSON<br>44 East State Street<br>Montpelier, Vermont 05601-1440<br>(802) 223-1112<br>drichardson@tgrvt.com<br><br>*Counsel for Plaintiffs* | James R. Carroll<br>Nicholas I. Leitzes<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br>james.carroll@skadden.com<br>nicholas.leitzes@skadden.com |

| | |
|---|---|
| Walter E. Judge, Jr.<br>DOWNS, RACHLIN &<br>    MARTIN, PLLC<br>Courthouse Plaza<br>199 Main Street<br>Burlington, Vermont 05402-0190<br>(802) 863-2375<br>wjudge@drm.com<br><br>*Counsel for Defendants Kurt M. Swenson,*<br>*Richard C. Kimball and Donald Labonte* | Samuel Hoar, Jr.<br>DINSE, KNAPP & MCANDREW, P.C.<br>209 Battery Street<br>Burlington, Vermont 05402-0988<br>(802) 864-5751<br>shoar@dinse.com<br><br>*Counsel for Defendants*<br>*James L. Fox, Pamela G. Sheiffer*<br>*and Frederick E. Webster, Jr.* |

The objection must also be mailed and postmarked no later than February 19, 2013 (twenty (20) days before the Settlement Hearing) to the Court:

Clerk of the United States District Court
for the District of Vermont
United States District Courthouse
P.O. Box 607
Rutland, Vermont 05702-0607

        33.    Unless the Court otherwise directs, no person shall be entitled to object to the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Plaintiff and his counsel, any award of attorneys' fees or expenses, the Plaintiff's Award or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed in paragraph 15 above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this Action or any other action or proceeding. If the Court approves the Settlement provided for in the Stipulation following the Settlement Hearing, judgment shall be entered substantially in the form attached as Exhibit D to the Stipulation.

        34.    Plaintiff shall serve and file his opening brief and supporting papers in support of the Settlement, Plaintiff's Award, and the application for attorneys' fees and expenses

no later than twenty-eight (28) days prior to the date of the Settlement Hearing. If any objections to the Settlement are received or filed, Plaintiff and/or Defendants may serve and file a brief in response to those objections no later than seven (7) days prior to the date of the Settlement Hearing.

35. If the Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), and provisional class certification herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for the obligation of Defendants to pay for any Notice and Administrative Costs incurred or accrued in connection with the Notice and administration provided for by this Preliminary Approval And Scheduling Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in this Action or any other action or proceeding. For purposes of this provision, a disallowance or modification by the Court of the attorneys' fees and/or expenses sought by Plaintiffs' counsel or the Plaintiff's Award shall not be deemed an amendment, modification, or disapproval of the Settlement or the Order and Final Judgment.

36. The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption, concession, or admission by any Released Person or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or otherwise, or that Plaintiff or Plaintiffs' counsel, the Class or any present or former stockholders of the Company, or any other person,

has suffered any damage attributable in any manner to any Released Person. Nor shall the Stipulation and any negotiations, statements, or proceedings in connection therewith, be construed as or deemed evidence of, a presumption, concession, or admission by any Plaintiff or Class member of any defect or weakness in the claims alleged in the Amended Complaint. The Stipulation and any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.

37.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class members.

APPROVED and SO ORDERED:

Date: 1/7/13

_____
Christina Reiss, U.S.D.J.